Conway, Ch. J..
The decision of this court in Town of Somers v. Covey (308 N. Y. 798), affirming an order of the Appellate Division in favor of the Town of Somers and answering the certified question in the affirmative, has been reversed by the Supreme Court of the United States, and the case has been remanded to this court “ for proceedings not inconsistent with this opinion.” (Covey v. Town of Somers, 351 U. S. 141, 147.) On the basis of such reversal and remand, the petitioner- *253 appellant Covey, committee of the person and property of Nora Brainard, an incompetent, now seeks, in substance, an order which would vacate the default judgment of foreclosure against the incompetent and set aside and void the deed which conveyed certain of her real property to the town because she was delinquent in the payment of her taxes. Adjudication of the motion requires a re-examination of the facts of the case, the rationale of our decision and the extent to which it has been affected by the action of the Supreme Court.
On May 8, 1952 the respondent town commenced an action under title 3 of article VTI-A of the Tax Law which provides, in section 65 et seq., for the judicial foreclosure of tax liens on real property. The action with which we are concerned involved the foreclosure of liens for tax arrears unpaid for more than four years prior thereto with respect to a number of properties in the town of Somers, including the property which is the subject of this case. Under the provisions of section 165-a of the Tax Law the filing at the county clerk’s office of a list of all parcels of property affected by tax liens which have been unpaid for a period of at least four years constitutes the filing of a notice of lis pendens and of a complaint, and commences an action against the property. Provision is made in section 165-b for notice by publication, by posting and by mailing. The prescribed notice is to the effect that, unless the amount of unpaid tax lien, together with interest and penalties is paid within seven weeks, or an answer interposed within 20 days after the last day for redemption, any person having the right to redeem or answer shall be forever foreclosed of all his right, title and interest and equity of redemption in and to the affected property. The statute provides in section 165-h thereof for the entry of a judgment of foreclosure awarding possession of the property to the tax district and directing execution of a deed by the collecting officer of the tax district conveying an estate in fee simple absolute to the district.
The respondent town complied with the provisions of the statute. Simultaneously with the institution of the action in May of 1952, publication was commenced by notice of foreclosure in the Westchester Post and The Record, newspapers serving an area including the town of Somers. In addition, notice of commencement of the action was given to Nora Brainard by mailing and posting. Nora Brainard did not redeem her *254 property or interpose an answer. Four months after the commencement of the action, and on September 8, 1952, judgment of foreclosure was entered with respect to all owners who had failed to redeem their properties within the time permitted by the statute. On October 24, 1952 a deed to the property owned by Nora Brainard was delivered to the Town of Somers and recorded in the office of the clerk of Westchester County. Similar conveyances were made and recorded in the cases of the other unredeemed properties.
Thereafter, on November 6,1952, Nora Brainard was admitted to the Harlem Valley Hospital as a person of unsound mind. On February 13, 1953 the appellant was appointed and qualified as a committee of the incompetent. It must be assumed on the state of the record that Nora Brainard was a known incompetent, to the town itself, for a period of years before her commitment to the institution.
On October 26,1953, just one year from the time the deed had been delivered to the town and recorded, the committee made a motion in the County Court of Westchester County to vacate the default, to set aside the deed to the respondent town and to allow the incompetent to answer or appear or otherwise move with respect to the “ Notice of Foreclosure of Tax Liens by the Town of Somers, In Rem ”. On December 3, 1953, the County Court denied the motion. In its opinion the County Court first set forth the contention of the committee as follows: íí * * * contended that the default of said Nora Brainard was excusable since she was a known incompetent at the time that proceedings were instituted and that by reason of her mental incapacity she did not know the nature of the proceeding and that the Court was not apprised of her condition and no one was appointed to act in her behalf. It is further contended that section 165-a, of the Tax Law with respect to incompetents is unconstitutional in that the manner of giving notice to an incompetent is inadequate. * * * ” (Emphasis supplied.)
After so stating the committee’s contention the County Court declared, in part: “In the first instance it should be pointed out that the procedure adopted by the applicant is improper. Subdivision 7, section 165-7?, of the Tax Law provides substantially that there is a conclusive presumption after two years from the date of the recording of the deed that the action and all proceedings were regular and in accordance with the provi *255 sions of law relating thereto, and further provides ‘ No action to set aside such deeds may be maintained unless the action is commenced and a notice of pendency of the action is filed in the office of the proper County Clerk prior to the time that the presumption becomes conclusive * * # In the case at bar no action to set aside the deed has been commenced and no lis pendens has been filed although the time that the presumption becomes conclusive has not expired. * * # ” (Emphasis supplied.)
Thus did the court of first instance point out to the committee that where the owner of a parcel of realty included in the list filed with the county clerk pursuant to section 165-a of the Tax Law has failed to redeem or answer within the prescribed time, and the deed has been delivered to the tax district, a motion to open the default is not available and that the deed may be set aside only in an action brought for that purpose. The County Court did not reject, on the merits, the committee’s contention that the notice given to the incompetent was inadequate to afford her due process of law.
The decision of the County Court was handed down more than ten months prior to the time when the presumption of regularity of the foreclosure proceedings would become conclusive and be not subject to attack by an action to set aside the deed (see Tax Law, § 165-h, subd. 7).
In affirming the determination of the County Court the Appellate Division made clear to the committee the reason why a motion to open the default was not available to him. That court said: “ Upon the expiration of the time prescribed by the statute (Tax Law, § 165 et seq.) for redemption and answer, the rights of the parties, in view of the provisions of section 165-a of the Tax Law, became fixed and unalterable. The latter section is in the nature of a Statute of Limitations and precludes the court from extending the time to answer or redeem therein prescribed.” (283 App. Div. 883; emphasis supplied.)
The Appellate Division, like the County Court, did not reject, on the merits, the committee’s contention that the notice given to the incompetent was inadequate to afford her due process of law.
The decision of the Appellate Division was handed down more than six months prior to the time when the presumption of regularity of the foreclosure proceedings would become con- *256 elusive and be not subject to attack by an action to set aside tbe deed.
Instead of accepting the determination of tbe County Court and tbe Appellate Division by instituting an action to set aside tbe deed, as be bad been told was tbe proper procedure to obtain a bearing upon tbe merits, tbe committee appealed to our court. Tbe case came on to be beard by our court in January of 1955, two years and three months after tbe deed bad been delivered to tbe town. We unanimously affirmed, without opinion. In our confidential report on tbe case we made note of tbe fact that tbe committee failed to make any mention in bis brief with respect to whether tbe procedure adopted by him was proper or not; that be assailed tbe determination below upon tbe ground that tbe conduct of tbe town was oppressive and unconscionable ; that be contended that equity would require that tbe judgment in tbe previous action be set aside, and that tbe statute insofar as it applied to tbe incompetent be declared to be unconstitutional. We concluded that such arguments were not available to tbe committee for, assuming them to be correct, be bad failed to proceed properly. Accordingly, we never reached tbe merits of tbe committee’s arguments.
Following our affirmance of tbe order of tbe Appellate Division tbe committee moved for reargument or, in tbe alternative, for an order amending tbe remittitur to recite that “ * * * this Court on this appeal, considered and passed upon tbe constitutional questions of (a) due process, (b) separation of powers of Government and (c) equal protection of tbe laws, thus enabling Petitioner-Appellant to petition for a Writ of Certiorari to tbe United States Supreme Court;”.
We feel that we would have been completely justified in denying tbe committee’s motion for such an amendment, since at no stage of tbe proceedings bad tbe merits of the committee’s arguments been reached or ruled upon. No court in this State has ruled that tbe notice prescribed by section 165-a and section 165-b of tbe Tax Law is sufficient to satisfy tbe demands of due process in tbe case of a known incompetent and tbe Supreme Court has said that no court in this State could properly so rule. However, at the time of the motion to amend tbe remittitur, we viewed tbe matter in tbe light most favorable to tbe committee. It was possible to argue that tbe committee was contending that tbe time limitation to redeem *257 or answer, insofar as it applied to known incompetents, was unconstitutional. That being so, we felt impelled to grant the motion to recite that “on this record” we found no “ deprivation of due process ” or of “ equal protection of the laws ’ ’, by which we meant merely that a State may properly impose a time limit in which to answer or redeem and that such does not constitute a violation of the Fourteenth Amendment in a case such as this where (1) the incompetent has been given a period of two years after the recording of the deed in which to bring an action to set it aside, (2) a committee had been appointed 20 months before the expiration of such period, and (3) the committee had been advised, still well before the expiration of said two-year period, by a County Court opinion that cm action to set aside the deed and not a motion to vacate the default is the proper remedy (see Saranac Land & Timber Co. v. Comptroller of New York, 177 U. S. 318, 330 and cases cited therein; Terry v. Anderson, 95 U. S. 628). We realize now that our amendment of the remittitur was subject to more than one interpretation and that we did not make clear in that amendment the precise ground of our decision. Had we done so, we believe that the Supreme Court would not have reversed our determination for that court has written that “ * * * no constitutional question could have been reached if the Court of Appeals had been of the opinion that the appellant had pursued the wrong remedy.” We, however, were precisely of that opinion. The basis of the reversal of our determination is to be found in the following words of the Supreme Court: ‘ ‘ Assuming the truth of the uncontradicted assertions, that the taxpayer Nora Brainard was wholly unable to understand the nature of the proceedings against her property (from which it must be inferred that she was unable to avail herself of the statutory procedure for redemption or answer), and that the town authorities knew her to be an unprotected incompetent, we must hold that compliance with the statute would not afford notice to the incompetent and that a taking under such circumstances would be without due process of law.”
We do not read the opinion of the Supreme Court as a holding that if an in rem proceeding be brought against a known incompetent who has no committee the default judgment of foreclosure is void and can be attacked at any time after its entry. Were such the case, the state of tax titles and the law of tax fore *258 closure in New York would be thrown into confusion for lawyers and title companies examining tax titles would never know whether the titles were good or not because they would never know whether some one of the interested parties was a known but unadjudged incompetent. Rather, we read the opinion of the Supreme Court as a holding that where the owner is a known but not adjudged incompetent, the notice prescribed by section 165-a and section 165-b is insufficient to satisfy the demands of due process and that the incompetent must be afforded a method by which to set aside the default judgment of foreclosure and a reasonable time within which to avail herself of such method.
Our court has not held that the notice prescribed by section 165-a of the Tax Law is sufficient to satisfy the demands of due process in the case of a known incompetent. . Our holding is simply that where the deed has been delivered and recorded, an attack on the sufficiency of the notice may be made only in an action under subdivision 7 of section 165-h of the Tax Law. Here, as we have already pointed out, a committee was appointed and was available and able to institute such an action on behalf of the incompetent well within the statutory period prescribed. Historically there are distinct attributes attached to the word “action”, and the definition of “action” as opposed to “ motion ” is made clear by the language of sections 4 and 113 of our Civil Practice Act. The Legislature of the State of New York has seen fit to provide that an action is the method by which a tax deed may be set aside and it may not be presumed to have acted unreasonably in so doing. Therefore, it cannot be argued that the procedure followed by the committee of the incompetent complied with the statutory mandate of subdivision 7 of section 165-h of the Tax Law, which provides that an action may be maintained to set aside the deed within two years.
The case of City of New York v. Nelson (309 N. Y. 94, affd. 352 U. S. 103), in which we granted leave to appeal and subsequently affirmed, cannot be considered to indicate that the procedure adopted by the committee in the present case, i.e., a motion to open the default in an in rem tax proceeding, was in fact proper. In the present case subdivision 7 of section 165-h of the Tax Law is applicable and provides that an action is the proper remedy, while at the time the application to open the default was made in the Nelson case {supra) the applicable sections of the Administrative Code of the City of New York did not so *259 provide. (But see Local Laws, 1955, No. 63 of City of New York, arudg. the Administrative Code of the City of New York so as to insert therein a provision similar to that of subdivision 7 of section 165-h of the Tax Law.)
For the foregoing reasons, we are constrained, on this reargument, to affirm the order of the Appellate Division.
Upon reargument, the order of the Appellate Division should be affirmed, without costs, and the certified question answered in the affirmative.
Desmond, Dye, Fuld, Froessel, Van Yoorhis and Burke, JJ., concur.
Upon reargument: Order affirmed. Question certified answered in the affirmative.