■ NEW-AGAIN CONSTRUCTION COMPANY, Respondent, v. CITY OF NEW YORK, Appellant.— In an action to recover (1) the balance allegedly due upon a contract and (2) damages for breach thereof, defendant appeals from an order of the Supreme Court, Kings County, dated February 25, 1974, which, upon plaintiff's motion to dismiss the eighth defense from the answer, which motion was made orally at the close of a trial as to the validity of that defense, (1) dismissed the first, second, fourth, fifth, sixth and seventh defenses and (2) set the action down for an assessment of damages. Order modified, on the law, by (1) striking from the first decretal paragraph thereof the following: "First", "Second", "Fourth", "Fifth", "Sixth" and "Seventh" "Defenses" and substituting therefor: "Eighth defense" and (2) striking therefrom the second decretal paragraph. As so modified, order affirmed, without costs, and case remanded to the trial court for further proceedings not inconsistent herewith. The record reveals a stipulation between the parties that the court consider, before anything else, defendant's eighth defense which the parties agreed was solely one of law. In that defense it was alleged that "plaintiff in consideration of the granting by the defendant of extensions of the contract time for the performance [sic] of the work under the contract alleged did waive and release all claims which it might have against the defendant arising out of the said contract." A trial relative to that defense was had and the following facts were there adduced. On November 13, 1967 defendant awarded plaintiff the contract for general construction work to rehabilitate the Litchfield Mansion, a famous architectural landmark building located in Prospect Park, Brooklyn. On March 1, 1968 plaintiff was notified to begin its work by March 11, 1968 and required to complete its work within 120 calendar days. Notwithstanding these specific time requirements, defendant did not engage an electrical contractor for some three months, thus making it impossible for plaintiff to comply with its original 120-day completion schedule. Plaintiff, as required by the contract, submitted a written application for an extension of time to defendant. That request contained a provision whereby plaintiff agreed to waive and release any and all claims it may have had against defendant in

exchange for a grant of the extension and the expedition of progress payments for part performance under the contract. Plaintiff's president testified as to his reluctance to include the waiver provision in the extension request and as to so-called oral assurances given to him by an official of defendant (the Borough Engineer of the Department of Parks) to the effect that defendant would not rely on the waiver of rights provision and that that provision was meaningless. He was told that it was simply part of the form needed to expedite the progress payments. Defendant denied that any one had given such assurances or was empowered to give them. The Trial Justice in his memorandum decision concluded (and we think properly so) that the conduct of defendant's agents was, under the circumstances, unconscionable and that defendant, whose representatives breached the contract with plaintiff by failing to co-ordinate the work of the several building trades, should be estopped from relying on the waiver provision of the extension agreement as a bar to the action. The Trial Justice wrote that "There is neither justice nor equity nor honor in the defendant's position in this case." The Trial Justice then said, "The defense of waiver and release is accordingly dismissed." Thereafter the court indicated that six other defenses interposed in the answer should be dismissed for various reasons set forth in his memorandum, although such defenses were not before the court and no motion seeking their dismissal had been made. This latter action, of course, was erroneous. The Trial Justice, apparently through inadvertence, signed the order before us for review although it dismisses six other defenses, but does not mention the eighth defense. Clearly, the six defenses which were not before the court must be reinstated. As to the eighth defense, which the trial court meant to dismiss, we are of the view that since the record is adequate for a determination on the merits, we should render a determination (CPLR 5522) and make the order which the trial court should have made (*Glidden* v. *Metropolitan Life Ins. Co.*, 41 A D 2d 621; *Delma Eng. Corp.* v. *6465 Realty Co.*, 39 A D 2d 846), and, indeed, gave every indication of wanting to make, i.e., dismissal of the eighth defense. Martuscello, Acting P. J., Latham, Benjamin, Munder and Shapiro, JJ., concur.