■ MARS ASSOCIATES, INC., et al., Respondents, v CITY OF NEW YORK, Appellant.—Order, Supreme Court, New York County, entered September 13, 1978, denying defendant's cross motion for partial summary judgment, reversed, on the law, the motion granted, and the fourth cause of action dismissed, with costs. Plaintiff sues to recover for alleged breach of contract in connection with the construction of Sea View Hospital in Staten Island. The fourth cause of action is for damages flowing from delay alleged to have been the result of action or lack of action by the defendant. On June 19, 1971, subsequent to the institution of this action, plaintiff applied for an extension of time to complete the contract so as to expedite a payment to it. In consideration therefor, it agreed to "waive and release all claims which we may have against the City of New York arising out of the aforesaid contract except the following: various change orders and work under protest". On July 2, 1971, defendant granted the extension specifically providing in the certificate which evidenced the grant that the "extension of time is approved with the understanding that any claims heretofore waived by the Contractor shall not be revived by reason of this extension". Plaintiff

now contends that the execution of the waiver after the institution of this suit indicated an intent on its part not to waive the claim here involved. It asserts, therefore, that the motion for summary judgment was properly denied. Special Term held that the differing interpretations placed on the waiver clause created an issue of fact which required a trial for resolution. We disagree. The clause is clear upon its face. By it, plaintiff waived and released all claims which it had against defendant arising out of the contract, save only those arising out of "change orders and work done under protest". The gravamen of the fourth cause finds no underpinning in these two exclusions from the waiver (*Joseph F. Egan, Inc. v City of New York,* 17 NY2d 90; *Mars Assoc. v City of New York,* 47 AD2d 719). Plaintiff may find no comfort in the fact that in the cases cited, the rulings were rendered after trial for they were based on the law, not on the facts. In light of the effect of the waiver, there remains no issue of fact requiring trial of the fourth cause of action. Concur—Sandler, Bloom, Lupiano and Ross, JJ.

Kupferman, J. P., would affirm on the opinion of Kirschenbaum, J.