■ In the Matter of the CITY OF NEW YORK, Appellant, v REALTY APTS. Co., et al., Respondents.—Order, Supreme Court, New York County, entered December 15, 1978, which granted the respondents' motion to vacate the default judgment of foreclosure entered May 25, 1978 obtained by the City of New York and vacated and set aside the deed executed and recorded pursuant to that judgment of foreclosure, insofar as said judgment and deed affect the two subject parcels, unanimously reversed, on the law, with costs and disbursements, the motion is denied and the judgment of foreclosure and deed reinstated in all respects. The granting of respondents' motion to open their default in this in rem tax proceeding was improper because where the deed has been delivered and recorded, such relief is available only by way of an independent action (see Town of Somers v Covey, 2 NY2d 250). Further, in a recent appeal involving in rem tax foreclosure proceedings which, inter alia, related to several different parcels of the same owners, this court affirmed the order of Special Term for the reasons stated by Kent J. (Matter of City of New York v Owners of Property, 72 AD2d 504). The contentions now urged are based on defenses which were urged upon and rejected by Kent, J., and by this court in that prior appeal. We summarize our view as follows: the failure to receive notice does not affect the validity of the proceedings, and there was no showing that the City Housing Development Administration ever undertook an obligation of payment for water and sewer charges or either of them. Concur—Sandler, J. P., Sullivan, Bloom, Lupiano and Ross, JJ.

■ TELLER PAVING AND CONTRACTING CORP., Respondent, v CITY OF NEW YORK, Appellant.—Order, Supreme Court, New York County, entered August 3, 1978, reversed, on the law, and defendant-appellant's motion for summary judgment dismissing the complaint granted, without costs. Eight consecutive waivers of claims theretofore existing against defendant-appellant city were executed by plaintiff-respondent "waiving and releasing all claims which it may have against the City * * * arising out of the aforesaid contract." This language is clear and to the point, containing no reservations, and plaintiff is bound thereby. (See Mars Assoc. v City of New York, 70 AD2d 839; Novison & Co. v City of New York, 72 AD2d 539.) Concur— Bloom, J. P., Lane, Markewich, Lupiano and Ross, JJ.