■ E. M. SUBSTRUCTURES, INC., Respondent, v CITY OF NEW YORK, Appellant.—In a contract action, defendant appeals from an order of the Supreme Court, Queens County, dated February 2, 1979, which denied its motion for partial summary judgment. Order reversed, on the law, with $50 costs and disbursements, and summary judgment is granted to the defendant with respect to plaintiff's first and second causes of action. In its first and second causes of action plaintiff contractor sought recovery for extra work it did in connection with its construction contract with the defendant City of New York. Defendant moved for summary judgment with respect to these two causes of action on the ground that, in exchange for an extension of time to complete the contract, plaintiff had agreed to waive all claims arising out of the contract. Plaintiff does not dispute that it could have preserved its claims by excepting them from the waiver. Indeed, at oral argument, plaintiff conceded that it was aware of the claim for extra work when it signed the waiver and further conceded that on past occasions it had preserved such claims by excepting them from the waiver by written side agreements. Plaintiff could offer no explanation for having failed to do so here. By signing the waiver without exceptions plaintiff has forfeited its claims (see, e.g., *Mars Assoc. v City of New York,* 70 AD2d 839; *Zazzarino Constr. Corp. v City of New York,* 66 AD2d 717). Having obtained the benefit it sought, reflected in the extension agreement, plaintiff cannot now avoid the consideration it gave in return. In an effort to avoid this result, plaintiff contends that defendant's conduct was such as to preclude it from asserting the waiver. We disagree. Plaintiff has presented no evidence of the kind of conduct which has been held to preclude the city from asserting a waiver (cf. *New Again Constr. Co. v City of New York,* 76 Misc 2d 943). Requiring a contractor to waive its claims for damages in return for an extension of contract time does not, without more, establish duress (see *Joseph F. Egan, Inc. v City of New York,* 17 NY2d 90, 98). Accordingly, summary judgment should have been granted with respect to the first two causes of action. Mollen, P. J., Lazer, Cohalan and Gibbons, JJ., concur.