OPINION OF THE COURT
Albert Tomei, J.
Petitioner RPL Realty Corp. was the owner of a one-story commercial building located at 5301 First Avenue, Kings County, designated as Section 3, Block 812, Lot 1 on the tax map. Title to the above premises was transferred to the City of New York pursuant to a first partial judgment of foreclosure entered on default on August 13,1982 (Hon. Franklin W. Morton, Jr.). The judgment was, entered following an in rem action instituted by the City of New York under title D of chapter 17 of the Administrative Code of the City of New York for foreclosure of liens representing charges for water and sewer services and real estate taxes which were unpaid for a period of at least one year.
Petitioner now moves by order to show cause to vacate the judgment of foreclosure on the ground that it never *322 received notice of the action in foreclosure as is required by sections D17-16.0 and D17-17.0 of the Administrative Code of the City of New York. Petitioner seeks leave to interpose an answer defending the action in rem on the grounds of payment.
Special Term, Part I, ordered a hearing on the issue of service and notice which the court conducted on November 30, 1982. In addition to evidence regarding the central issue of notice and service, the court entertained arguments on a procedural question which was raised by respondent for the first time. Respondent urges the court to deny petitioner’s motion as improper on its face. Respondent cites section D17-12.0 of the Administrative Code as authority for its argument that a plenary action is the exclusive method available to petitioner for setting aside a tax deed which has been delivered and recorded.
Based on the evidence adduced at the hearing the court makes the following findings of fact and conclusions of law.
FINDINGS OF FACT
On May 27,1981 pursuant to its authority under section D17-1.0 et seq. of the Administrative Code of the City of New York, the City of New York by the Commissioner of Finance filed a verified list of delinquent taxes which included Section 3, Block 812, Lot 1 in the office of the clerk of Kings County. As of May 27,1981 the City of New York owned a tax lien on that parcel for water and sewer charges and real estate taxes which were unpaid for a period of one year.
On the same date the Commissioner of Finance filed a certified copy of said list in the main office of the commissioner at 139 Centre Street, in the branch office of the commissioner in the Municipal Building, Borough of Brooklyn, and in the office of the Corporation Counsel at 100 Church Street, New York City. Copies of the notice of foreclosure of tax liens were posted on the public notices bulletin board in the office of the Commissioner of Finance on the fifth floor of the Municipal Building, Borough of Manhattan, and on the bulletin board in the lobby of the Kings County courthouse as well as in each of four conspicuous places required by subdivision d of section D 17-6.0 of the Administrative Code.
*323 On June 3 and 4, 1981 the Commissioner of Finance mailed to the last known address of the owner of the parcel designated as Section 3, Block 812, Lot 1, a copy of the notice of foreclosure. In addition, a copy of the notice of foreclosure was mailed to other persons who filed a notice of interest in the property with the city collector as provided for by statute. Among those persons to whom a copy of the notice of foreclosure on Section 3, Block 812, Lot 1 was mailed were RPL Realty Corp., P.O. Box No. 45, Brooklyn, N.Y., RPL Realty Inc., P.O. Box No. 45, Brooklyn, New York, and RPL Realty, 5301-23 1st Avenue, Brooklyn, New York.
Notice of foreclosure was published once a week for six successive weeks in the New York Law Journal and the Kings’ edition of the News.
The above notice of foreclosure advises all persons with an interest in the above parcel that they have a right to redeem the parcel up to and including August 21, 1981.. The notice further states that each person having an interest in the parcel may file an answer to the foreclosure action upon the Corporation Counsel no later than 20 days after August 21, 1981, the last day for redemption of said parcel.
Petitioner failed to redeem the parcel or interpose an answer within the period allotted by statute. Accordingly, the above acts performed by the Commissioner of Finance supported a judgment of foreclosure entered against Section 3, Block 812, Lot 1 on default on August 13, 1982.
On September 3, 1982 petitioner noticed the instant motion.
CONCLUSIONS OF LAW

Procedure

Subdivision c of section D17-12.0 of the Administrative Code of the City of New York provides: “c. Every deed given pursuant to the provisions of this section shall be presumptive evidence that the action and all proceedings therein and all proceedings prior thereto from and including the assessment of the lands affected and all notices required by law were regular and in accordance with all provisions of law relating thereto. After two years from the *324 date of the recording of such deed, the presumption shall be conclusive, unless at the time that this subdivision takes effect the two year period since the recording of the deed has expired or less than six months of such period of two years remains unexpired, in which case the presumption shall become conclusive six months after this subdivision takes effect. No action to set aside such deed may be maintained unless the action is commenced and a notice of pendency of the action is filed in the office of the proper county clerk prior to the time that the presumption becomes conclusive as aforesaid.”
The identical provision, formerly subdivision 7 of section 165-h of the Tax Law, is now incorporated in subdivision 7 of section 1136 of the Real Property Tax Law.
As recently as June 17, 1982 some courts of the State of New York have construed the above provision as excluding all remedies for avoiding a tax deed which has been delivered and recorded save the plenary action (see In Rem Tax Foreclosure Action No. 29, Borough of Manhattan, 115 Misc 2d 663; Matter of City of New York v Realty Apts. Co., 72 AD2d 694; Matter of City of New York [Norend Realty Corp.], 20 AD2d 925). In each cited case the court based its holding on the 1951 decision of the Court of Appeals in Town of Somers v Covey (2 NY2d 250).
Notwithstanding the pronouncements by the above-cited courts, this court’s literal reading of section D17-12.0 of the Administrative Code does not support the denial of a motion to vacate a judgment of foreclosure entered on default. The provision relates to the presumption of regularity which becomes conclusive two years after the deed is recorded and states that an action to set aside the deed must be filed before the two-year limitation period expires.
Moreover, on close examination Town of Somers (supra) does little to clarify the meaning of the statute.
On May 8,1952 the Town of Somers began a foreclosure proceeding against the property of Nora Brainard, a known incompetent, under title 3 of article VII-A of the Tax Law. On September 8, 1952 a judgment of foreclosure was entered against Brainard’s property on default followed by recording of the tax deed and delivery to the Town of Somers. On February 13, 1953 after Brainard was admit *325 ted to a mental hospital a committee was appointed for her. On October 26,1953 the committee moved in County Court to open the default judgment on the ground that the notice required by section 165-b of the Tax Law was inadequate with respect to persons known to be incompetent at the time the action of foreclosure is commenced. Without reaching the merits the County Court rejected the committee’s challenge on the ground that subdivision 7 of section 165-h required him to proceed by plenary action.
Affirming the County Court opinion, the Appellate Division found that the court had no power to extend the time to answer beyond the limitation period set forth in section 165-a of the Tax Law. The Appellate Division made no comment on the ground upon which the County Court decision rested, to wit, improper procedure.
The committee then appealed to the Court of Appeals which affirmed the Appellate Division’s ruling, finding that the two-year conclusive presumption of validity barred the committee’s motion (Town of Somers v Covey, 308 NY 798). Following this decision, the committee moved for an order amending the remittitur to reflect, the court’s consideration of the constitutional issues raised on the motion. The motion was granted and the Court of Appeals ruled that there were no constitutional violations under the facts of the case.
Following the Court of Appeals amendment to its original decision, the committee appealed to the Supreme Court of the United States on constitutional grounds. After consideration of the merits of the committee’s motion, the Supreme Court reversed the decision of the Court of Appeals, finding that notice to Brainard was constitutionally deficient. As to arguments which addressed the committee’s choice of procedure, the Supreme Court opined: “The statute itself contains no suggestion that a new action is the exclusive remedy; it merely limits the time within which an action may be brought to set aside the deed.” (Covey v Town of Somers, 351 US 141, 143.)
The Supreme Court further noted that consideration by the Court of Appeals of the constitutional issues raised by the committee implied acceptance of the procedural vehicle by which he chose to raise those issues.
*326 On remand, the Court of Appeals again denied the motion to vacate the judgment of foreclosure. It determined that by allowing an action to set aside the tax deed within a two-year Statute of Limitations period, section 165-h of the Tax Law cures the constitutional infirmities which the Supreme Court found with respect to notice to a known incompetent. This, the court now explained, was the ground upon which the amendment to its original decision had been based.
The Court of Appeals then proceeded to state its holding (Town of Somers v Covey, supra, p 258): “That where the deed has been delivered and recorded, an attack on the sufficiency of the notice may be made only in an action under subdivision 7 of section 165-h of the Tax Law.”
The above rule is based on a reading of section 165-h of the Tax Law which is contrary to that offered by the Supreme Court in Covey. Moreover, by basing its decision on remand on procedural grounds the Court of Appeals, in effect, penalized the committee for exercising its right to appeal the constitutional issues in the case. Furthermore, and more important, the ruling perpetuates the denial of due process which the notice provision visited upon the known incompetent.
Given the muddled history of Covey, no clear legal principle emerges therefrom. Nevertheless, some courts continue to cite the case for the rule that avoidance of a tax deed is available only by plenary action. Covey does not convince this court that the State and local Legislatures intended the plenary action to be the exclusive remedy available to void a tax deed.
The court has inherent power to grant relief from a judgment or order. This power does not derive from statute and is not dependent thereon (5 Weinstein-Korn-Miller, NY Civ Prac, par 5015.13). Therefore, the court would retain its power even were it to conclude, arguendo, that section D17-12.0 of the Administrative Code does establish an exclusive remedy.
Accordingly, relying on its inherent power, the court rejects the contention advanced by respondent that section D17-12.0 of the Administrative Code mandates denial of the instant motion.
*327 MOTION TO VACATE JUDGMENT
To successfully move to vacate a default judgment, petitioner must , establish “a reasonable excuse for * * * delay” and “a prima facie showing of legal merit” (Bruno v Village of Port Chester, 77 AD2d 580).
Petitioner alleges that its failure to receive notice of foreclosure constitutes a reasonable excuse for delay. Based on the evidence adduced at the hearing, the court finds that movant has failed to sustain his burden of proof on this issue.
A presumption of regularity attaches to the judgment of foreclosure which is entered in the office of the county clerk. Section D17-11.0 of the Administrative Code provides that: “A judgment of foreclosure granted in any proceeding brought pursuant to this title, which contains recitals that any acts were done or proceedings had which were necessary to give the court jurisdiction or power to grant such judgment of foreclosure, shall be presumptive evidence that such acts were duly performed or proceedings duly had, if such judgment of foreclosure shall have been duly entered or filed in the office of the clerk of the county in which the proceeding was pending and wherein such judgment was granted.”
To successfully rebut the presumption, movant must show “substantial evidence to the contrary” or “proof that goes beyond a mere preponderance of the evidence to the point of entire satisfaction” (Fisch, New York Evidence, § 1193; Richardson, Evidence, § 58).
On the hearing, witnesses for the City of New York testified as to the office procedure employed by the city in in rem actions. According to the testimony, notices of foreclosure and notices of possible foreclosure are mailed to names and addresses taken from owner registration cards (Administrative Code, § D17-16.0), in rem cards (§ D1717.0), annual records of assessed valuation, and water meter registration cards. The names and addresses and corresponding block and lot numbers are printed by computer on a statement which is placed in an envelope by machine together with the notice of foreclosure. The machine then stamps and seals the envelope. Employees of *328 the Department of Finance transport the stamped and sealed envelopes by truck to the post office where they are transferred to employees of the United States Post Office.
The in rem mailing list covering Section 3, Block 812, Lot 1, which respondent offered into evidence, contained two entries — RPL Realty Corp., P.O. Box No. 45, and RPL Realty Inc., P.O. Box No. 45 — which correspond to the name and address which petitioner filed with the New York City Commissioner of Finance.
Testifying for petitioner on the hearing was Abraham Rubashkin, shareholder and president. Mr. Rubashkin averred that petitioner never received the notice of foreclosure. Apart from petitioner’s eliciting from respondent’s witness that they did not personally witness the preparation or mailing of notice of foreclosure to petitioner, petitioner’s only evidence in support of its position is Rubashkin’s declaration. However, the evidentiary weight of this declaration is reduced considerably by Rubashkin’s statement that he did receive at P.O. Box No. 45 all bills covering real estate taxes and water sewer charges. According to the testimony of Hyman Weber, Assistant Corporation Counsel in charge of the in rem section, notices of foreclosure are mailed to persons whose names and addresses appear on owner’s registration cards which are also used for mailing tax bills, and water meter registration cards which are also used for mailing bills for water service.
On this record this court is unable to conclude that petitioner has produced sufficient evidence to overcome the statutory presumption (see Nassau Ins. Co. v Murray, 46 NY2d 828; cf. Wiesniewski v Basinait, 59 AD2d 1028).
Having failed to establish an excuse for the default which is required on a motion to vacate the judgment, petitioner cannot succeed on said motion.