■ HERMAN H. SCHWARTZ, INC., Respondent, v CITY OF NEW YORK (ROCKAWAY POLLUTION CONTROL PLANT), Appellant. — In an action, *inter alia,* to recover damages for breach of a construction contract, defendant appeals from so much of an order of the Supreme Court, Queens County (Lerner, J.), dated September 8, 1982, as denied its motion for summary judgment dismissing all of plaintiff's claims against it on the ground waiver. ¶ Order reversed, insofar as appealed from, on the law, with costs, motion for summary judgment granted and complaint dismissed. ¶ On December 7, 1982, the plaintiff Herman H. Schwartz, Inc., and the defendant City of New York entered into a written contract which provided, *inter alia,* that the plaintiff was to be paid $4,449,750 to perform electrical work for the upgrading of the Rockaway Pollution Control Plant. The contract called for monthly partial payments and for liquidated damages of $300 per day if the project were completed after the scheduled completion date, which could be extended by the city. Applications for extensions of time had to set forth in detail the costs for delay in completion. Furthermore, the plaintiff agreed "to make no claim for damages for

delay in the performance of [the] contract occasioned by any act or omission to act of the City or any of its representatives, and [agreed] that any such claims [would] be fully compensated for by an extension of time to complete performance of the work". ¶ The contract provided that the plaintiff commence work on a date to be determined by the Commissioner of the Department of Water Resources of the City of New York and complete its work within 1,105 consecutive calendar days. The commissioner directed the plaintiff to begin work on January 29, 1973, thus fixing the completion date at February 7, 1976. The work was not concluded on schedule and the parties began a procedure by which the plaintiff was granted extensions of time to complete the project and was not assessed liquidated damages. Twenty-seven consecutive extensions were granted between February 8, 1976 and June 30, 1978. In each extension, plaintiff waived and released all claims which it might have had against the city except such claims as it might set forth in its final payment requisition. The city did not waive or release any claim it might have against the plaintiff for liquidated or actual damages for any reason whatsoever. The stated purpose of the granting of each extension was to expedite a payment to the plaintiff. ¶ On June 30, 1978, Joseph T. Miller, the Assistant Commissioner of the Department of Environmental Protection of the City of New York in charge of the Bureau of Water Pollution Control determined, in the exercise of the discretion granted to him by the contract, that the project was substantially complete and directed the issuance of a substantial completion payment voucher. In July, 1978, plaintiff applied for its fifty-third progress payment, relating to work performed during May, 1978. Following conversations and a meeting held on July 25, 1978 between representatives of the parties, the accounts of which are disputed, Assistant Commissioner Miller arranged for a substantial completion inspection. The inspection was held, and substantial completion was approved, on August 9, 1978. ¶ The plaintiff thereafter requested a final extension of contract time in order to obtain the substantial completion payment and, subsequently, the final payment. This request, dated October 4, 1978, included the following waiver: "In consideration of the granting, for the purpose of expediting payment, by the Board of Extension of Contract Time, of an extension of contract time fixed on contract No. 4 for completion of work therein specified, we agree to and hereby waive and release all claims including, but not limited to, damage for delay or any other cause whatsoever which we may have against the City of New York, in connection with the aforesaid contract". In both the letter making the request and a letter dated January 18, 1979 granting the request, it was noted that the city did not waive or release any claim it might have against the plaintiff for liquidated or actual damages. The plaintiff received payments of approximately $97,000 on April 9, 1979, $27,700 on May 30, 1979 and $25,500 on July 17, 1979. On August 20, 1979, by letter sent to the Commissioner of the Department of Environmental Protection, plaintiff attempted to rescind its waiver of October 4, 1978, contending that the waiver had been the result of the city's duress and economic compulsion. ¶ After the city indicated its intention to hold the plaintiff to its agreement to waive all claims, the plaintiff commenced the instant action in August, 1980. The complaint alleged, *inter alia,* that the city breached the contract by delaying the plaintiff in the progress of its work, thereby damaging it in excess of $2,000,000, and that a waiver of plaintiff's claims for these damages was signed while under economic duress caused by the city, thus rendering the waiver null and void. Among the defenses set forth by the city in its answer was the assertion that the plaintiff had waived and released all claims it might have had. The city counterclaimed for liquidated damages of $274,000 (914 days from contract completion date of February 7, 1976 to substantial completion date of August

9, 1978, multiplied by $300 per day and rounded off to the nearest thousand). Thereafter the city moved for summary judgment dismissing all of plaintiff's claims on the ground of waiver. The plaintiff cross-moved to dismiss both the city's waiver defense and its counterclaim. Special Term denied both the motion and cross motion. ¶ In response to the city's appeal, plaintiff contends that the city's actions regarding the contract placed it in a ruinous financial position from which it could be extricated only by executing the waiver in order to receive an expedited substantial completion payment. Plaintiff argues that the city is estopped from enforcing the waiver. We conclude that the order should be reversed, insofar as appealed from, the city's motion should be granted and the complaint should be dismissed. ¶ On the record before us, the plaintiff has failed to raise a triable issue of fact as to duress. The instant waiver should therefore be upheld as barring any claim not specifically reserved. The waiver is clear on its face and enforceable (see *Joseph F. Egan, Inc. v City of New York,* 17 NY2d 90, 98; *Mars Assoc. v City of New York,* 70 AD2d 839, affd 53 NY2d 627; *E. M. Substructures v City of New York,* 73 AD2d 608, app dsmd 49 NY2d 878; *Teller Paving & Contr. Corp. v City of New York,* 72 AD2d 694, upon rearg 73 AD2d 589). Despite the plaintiff's claims that Assistant Commissioner Miller was aware that it was responsible for but a small portion of the project delay, if any, and that he knew of the plaintiff's dire economic straits which allegedly resulted from the tremendous losses it had been caused to sustain on the Rockaway pollution control project, the plaintiff has not presented evidence that the city's conduct was unconscionable (cf. *New Again Constr. Co. v City of New York,* 76 Misc 2d 943, mod on other grounds 47 AD2d 759). Moreover, the city, due to its status as a public agency, may not be estopped from enforcing the waiver on the basis of its employee's conduct (*Public Improvements v Board of Educ.,* 56 NY2d 850, 852; *Matter of Hamptons Hosp. & Med. Center v Moore,* 52 NY2d 88; *Matter of Bloomberg-Dubin v Board of Educ.,* 82 AD2d 854, affd 56 NY2d 555). We have reviewed the plaintiff's other contentions and find them to be without merit. Lazer, J. P., Gibbons, Weinstein and Boyers, JJ., concur.