■ CLIFTON STEEL CORPORATION, Plaintiff, v COUNTY OF MONROE PUBLIC WORKS DEPARTMENT, Defendant; and ROBERT F. HYLAND & SONS, INC., et al., Respondents, and MORIN BUILDING PRODUCTS COMPANY, INC., et al., Appellants. (Action No. 1.) MORIN BUILDING PRODUCTS COMPANY, INC., Appellant, v AETNA CASUALTY AND SURETY COMPANY, Respondent. (Action No. 2.)—Order unanimously reversed, on the law, without costs, and motion denied. Memorandum: During the course of a bench trial in which plaintiff sought judgment to foreclose a mechanic's lien on a public improvement project and for damages, codefendants Robert F. Hyland & Sons, Inc. and Aetna Casualty and Surety Company moved for partial summary judgment on the cross claims of defendant Morin Building Products Company, Inc., pursuant to CPLR 4401, on the ground that Morin's claim for delay damages was barred by a certain release executed by Morin. The court held that Morin had waived its claim for delay damages. We reverse.

The summary judgment motion at issue herein was predicated upon a clause contained in a final payment requisition, prepared by Hyland and signed by Morin, which states: "Furthermore, in consideration of the payments received, and upon receipt of the amount of this request, the undersigned does hereby waive, release and relinquish all claim or right of lien which the undersigned may now have upon the premises above described except for claims or right of lien for contract and/or change order work performed to extent that payment is being retained or will subsequently become due."

We observe that the requisition forms containing the disputed clause were prepared by Hyland, and any ambiguity in the interpretation of the language contained therein must be construed against the drafter.

The language contained in the purported release clause has no application to a public improvement project, as here in-

volved, since there is no right to assert a lien against real property in a public project. In a public improvement project, the lien attaches only to funds appropriated for payment *(see,* Lien Law § 5; *Matter of Paerdegat Boat & Racquet Club v Zarrelli,* 57 NY2d 966, *revg* 83 AD2d 444 *for reasons stated in the concurring in part and dissenting in part opn by Hopkins, J.).*

In our view, the disputed clause is ambiguous, and raises an issue of fact. Morin should have had the opportunity to offer proof on the interpretation of the clause.

The cases cited by the moving codefendants in support of the court's decision are inapposite. In those cases *(Herman H. Schwartz, Inc. v City of New York,* 100 AD2d 610, *appeal dismissed* 62 NY2d 943; *E. M. Substructures v City of New York,* 73 AD2d 608, *appeal dismissed* 49 NY2d 878; *Mars Assoc. v City of New York,* 70 AD2d 839, *affd* 53 NY2d 627), the language of the release clauses was clear on its face and did not require explanation or interpretation. (Appeal from order of Supreme Court, Monroe County, Tillman, J.—summary judgment.) Present—Dillon, P. J., Doerr, Denman, Green and Schnepp, JJ.