■ VICTOR HOYECKI et al., Appellants, v CITY OF NEW YORK (WILLIS AVENUE BRIDGE), Respondent.—Order, Supreme Court, New York County (Alvin F. Klein, J.), entered May 28, 1985, which, *inter alia,* granted defendant's motion for partial summary judgment and dismissed the third, fourth and fifth causes of action, unanimously modified, on the law, to the extent of limiting the dismissal of said causes of action to damages allegedly incurred prior to August 22, 1978, and, except as thus modified, affirmed, without costs or disbursements.

Plaintiff, an experienced contractor, on six occasions and at a time when it was in default under a construction contract with the city for failure to complete performance by the June 13, 1978 deadline, requested and received extensions of time to complete performance of the contract so that partial payment could be made. Plaintiff also received expedited payment; it was not required to await the outcome of the city's detailed investigation as to the causes of the delay. In exchange for these extensions plaintiff, in unambiguous language, waived and released any damage claims it might have against the city in connection with the contract. The last in the series of six unconditional waivers was executed on or about August 22, 1978. In this action for delay damage, additional work and balance due under the contract, Special Term, on the basis of the waivers, granted summary judgment dismissing that part of the first cause of action which sought damages incurred prior to August 22, 1978, and the third, fourth and fifth causes of action in their entirety. We modify to limit the dismissal of the latter causes of action as well to damages incurred prior to August 22, 1978.

Plaintiff argues that reinstatement of the dismissed causes of action as well as the dismissed part of the first cause of

action is mandated because a factual issue exists as to whether there was a failure of consideration as to the six waivers. This argument fails since, as the record demonstrates, plaintiff received the contract deadline extensions for which it bargained, as well as the expedited payment to which the waivers entitled it. It is uncontroverted that plaintiff received 18 partial payments, 16 of which were made after June 13, 1978, when it was in default. Had plaintiff not been granted the extensions, these 16 payments could not have been made until the city completed its lengthy investigation into the causes of the delay. That these 16 payments were processed more slowly than the two partial payments received before the June 13, 1978 breach is irrelevant. The proper approach is to compare the time it took for plaintiff to receive payment after June 13, 1978 with the time it would have taken had it not received the extension and had been compelled to await the completion of the city's investigation. On this issue no question of fact is presented and summary judgment resolution is appropriate. *(See, Herman H. Schwartz, Inc. v City of New York,* 100 AD2d 610.) As for the fifth cause of action's indemnification claim, which, plaintiff contends, was not in existence at the time the waivers were signed, it is clear that, as of August 22, 1978, the events underlying the claims had already occurred and were encompassed by the clear and unambiguous terms of the waivers.

As the city concedes, however, dismissal of the third, fourth and fifth causes of action should have been limited to damages incurred prior to August 22, 1978, the date of the last unconditional waiver, since in subsequent waivers plaintiff specifically reserved the right to assert damage claims arising out of the performance of the contract. Concur—Sullivan, J. P., Fein, Milonas, Ellerin and Wallach, JJ.