■ In the Matter of TAX FORECLOSURE ACTION No. 33. CITY OF NEW YORK, Appellant; BABE REALTY, INC., Respondent.— Order of the Supreme Court, Bronx County (Hansel McGee, J.), entered April 14, 1987, which granted respondent's motion to vacate a judgment of foreclosure, dismissed appellant's foreclosure action, set aside a deed conveying title to appellant, and directed respondent to pay all taxes and interest owing on the subject premises, reversed, on the law and the facts, and respondent's motion is denied, without costs.

The City of New York appeals from an order entered in an in rem tax foreclosure action (Administrative Code of City of New York, tit 11, ch 4) which vacated a judgment of foreclosure granted on default against a Bronx parcel described as block 2411, lot 139, set aside the deed given the city pursuant to such judgment, and restored title to the parcel in the former owner, the respondent on this appeal, Babe Realty, Inc. Such relief was granted because, in the view of IAS, the city, in opposing the motion, did not produce proof that notice of the foreclosure action had been published in two newspapers and mailed to the owner of the affected parcel, as required by statute (Administrative Code § 11-406). While it is our view that the record does contain affidavits of publication and mailing sufficient to show compliance by the city with the notice requirements of in rem tax foreclosure actions, it also appears to us that IAS overlooked the effect of the deed conveying title to the city as presumptive evidence of the validity of the foreclosure action, including the regularity of any required notices (Administrative Code § 11-412 [c]). Thus, the burden was not on the city to show compliance with the notice provisions of the statute, but on Babe to show noncompliance.

This Babe failed to do. Its proof consisted of a denial of receipt of mail notice, insufficient by itself to rebut the presumption of receipt entailed in the presumption of regularity favoring the city (see, *Nassau Ins. Co. v Murray,* 46 NY2d 828), and a showing that the deed by which it took title to the affected parcel was recorded under an incorrect block and lot number, namely, block 2412, lot 39. We disagree with Babe that this recording error is evidence that it did not receive notice of the foreclosure action. The names and addresses of owners of delinquent parcels are ascertained by the city not be reference to some book recording deeds under a block and lot index, but to owner registration cards filed in the City Collector's office, or, if a registration card is not on file, then to the latest annual record of assessed valuations (Administrative Code § 11-406 [c]). It is to the persons and addresses there indicated that the city sends the mail notice required by the statute, and thus, it is these records that must be discredited to make credible a claim that such a notice was not received.

That the city's records contained correct information concerning the name and address of the owner of the delinquent parcel located at block 2411, lot 139, and were not affected by the erroneous recording of the deed under a different block and lot number, is corroborated by the mailing list the city used in the foreclosure action, dated April 28, 1982. That list identifies Babe as having an interest in the parcel located at block 2411, lot 139, and assigns to it two mailing addresses, one at 651 Courtlandt Avenue, the street address of that parcel, and the other at 686 Courtlandt Avenue. While Babe's papers on the motion did not explicitly indicate the address to which the city should have sent the notice of foreclosure, they do have attached, as an exhibit, Babe's application for release of 651 Courtlandt Avenue after its acquisition by the city (Administrative Code § 11-424), dated April 29, 1986, which, as it happens, was written on a letterhead showing a business address at 686 Courtlandt Avenue. This is consistent with the deed conveying 651 Courtlandt Avenue to Babe, dated April 21, 1980 and erroneously recorded under block 2412, lot 39, which describes Babe as having a business address at 686 Courtlandt Avenue. That same deed describes the grantor, Victor Rosa, as having a residence at 651 Courtlandt Avenue. It therefore should not be a source of confusion that the city's April 1982 in rem mailing list, which identifies Victor Rosa and Carmen Rosa as having an interest in the parcel located at block 2412, lot·39, assigns to the Rosas a mailing address at 651 Courtlandt Avenue, and that in May 1986 a foreclosure

notice concerning block 2412, lot 39 was mailed to Carmen Rosa at that address. All this indicates is that in May 1986, an individual named Carmen Rosa, residing at 651 Courtlandt Avenue, was shown on city in rem records to have an interest in block 2412, lot 39 going back to at least 1982. Absent further particulars, it simply appears that Victor Rosa continued to reside at 651 Courtlandt Avenue with Carmen Rosa after conveying title thereto to Babe, and that Babe continued to do business at 686 Courtlandt Avenue after taking tile to 651 Courtlandt Avenue. If that be so, and we are constrained to presume that it is, the city was correct to send a notice concerning block 2412, lot 39 to the Rosas at 651 Courtlandt Avenue, and such a notice would have been sent in addition to and not instead of any notices sent to Babe at 686 and 651 Courtlandt Avenue concerning block 2411, lot 139.

The list of delinquent taxes mentioned by the dissent is indeed confusing, with its unexplained cross-outs and handwritten insertions, and entry of an "unknown" street designation for the affected parcel, be that parcel block 2411, lot 139 or block 2412, lot 39, but the confusion thereby created is dispelled by the clarity of the information conveyed in the mailing list. Moreover, the validity of an in rem tax foreclosure proceeding is not affected by "any omission or error of the commissioner of finance in including or excluding parcels from any such list [of delinquent taxes] or in the designation of a street or street number or by any other similar omission or error." (Administrative Code § 11-405 [g].)

In view of our factual finding that Babe was given notice of the foreclosure action, we find it unnecessary to pass upon the city's alternative arguments that the relief sought by Babe can, as a matter of law, only be granted in the context of a plenary action to set aside the deed given the city, and not, as Babe seeks to do, by way of a motion in the foreclosure action to vacate the judgment granted the city therein (citing *Town of Somers v Covey,* 2 NY2d 250, *cert denied and appeal dismissed* 354 US 916); or that the relief sought cannot be granted even if the city did not give notice of the foreclosure action since the presumption that it did became conclusive upon Babe's failure to commence a proceeding, regardless of its form, within two years of the taking of title by the city (citing Administrative Code § 11-412 [c]). Nor do we find it necessary to pass upon Babe's rejoining argument that the city should be estopped from asserting this two-year time bar because of certain representations made to it by an unnamed city official relating to the time it had to redeem the parcel.

Concur—Asch, Rosenberger and Wallach, JJ. Sandler, J. P., concurs, and Kassal, J., dissents, each in a separate memorandum as follows:

Sandler, J. P., (concurring).

I am in agreement with the conclusion reached in the court's memorandum opinion and with the factual analysis which led to that conclusion. However, the same result seems to me independently to be required by the clear, unambiguous language of Administrative Code of the City of New York § 11-412 (c). That subdivision provides in pertinent part as follows: "Every deed given pursuant to the provisions of this section shall be presumptive evidence that the action and all proceedings therein and all proceedings prior thereto from and including the assessment of the lands affected and all notices required by law were regular and in accordance with all provisions of law relating thereto. After two years from the date of the recording of such deed, the presumption shall be conclusive * * * No action to set aside such deed may be maintained unless the action is commenced and a notice of pendency of the action is filed in the office of the proper county clerk prior to the time that the presumption becomes conclusive as aforesaid."

The above section is virtually identical with Tax Law former § 165-h (7). In *Town of Somers v Covey* (2 NY2d 250, *appeal dismissed and cert denied* 354 US 916), the Court of Appeals applied the provisions of Tax Law former § 165-h (7) in accord with the plain meaning of the section, to preclude an application to vacate a judgment of foreclosure with regard to tax delinquent property under circumstances legally indistinguishable from those here presented. The *Covey* case has never been overruled by the Court of Appeals, and no subsequent opinion of that court has ever suggested that the rule unambiguously set forth in it is no longer good law.

I am aware that the decision of the United States Supreme Court in *Mennonite Bd. of Missions v Adams* (462 US 791) signals a heightened degree of judicial scrutiny as to the constitutional adequacy of notice provisions to owners of tax-delinquent real property, and to creditors who have an interest in such property, and that in *Matter of McCann v Scaduto* (71 NY2d 164) the Court of Appeals applied the principles set forth in *Mennonite* to strike down as constitutionally inadequate the notice aspects of former real estate tax collection enforcement provisions of the Nassau County Administrative Code. Both cases involved statutory arrangements presenting an issue fundamentally different from that addressed in *Covey*

*(supra)* and presented here, and neither case involved the constitutionality of a statute which creates a conclusive presumption after a specified period of time that all notices required by law were given where the notices required by law were consistent with constitutional requirements. Although there is language in the *McCann* opinion which suggests to me as a possibility that in a case in which it was clearly established that the prescribed notice was not given the Court of Appeals might reconsider the rule set forth in *Covey,* I find nothing in that opinion that would justify this court in concluding that *Covey* does not continue to be the controlling authority on the issue sought to be raised in this case by the respondent.

Kassal, J. (dissenting).

The majority's labored conjecture of how respondent Babe Realty, Inc. must have been served process underscores the very confusion which supports respondents' contention that it in fact never received notice of the foreclosure action. I am not persuaded that this speculative explanation as to which parties must have received notice for which block and lot, and at which of two addresses, satisfies the requirements of due process.

What is clear from the record, and not disputed, is that the city's in rem mailing list described respondent as the owner of premises block *2411* and lot *139,* while the deed for respondent's parcel bore the designation block *2412* and lot *39,* and was so recorded by the City Register. The record further reveals that the in rem mailing list, which is dated April 28, 1982, and which serves as the city's sole means of confirming proper service, cites Carmen Rosa as the owner of block 2412 and lot 39. However, as the deed for the parcel in question shows, block 2412 and lot 39 were conveyed to respondent by Victor Rosa two years before the mailing list was printed, on April 21, 1980. Since the city's mailing list failed to reflect this change in ownership, it is not surprising that the record further contains a "NOTICE OF POSSIBLE IN REM TAX FORECLOSURE" for block 2412 and lot 39, dated May 23, 1986, which is addressed to Carmen Rosa and contains the following announcement: "OUR RECORDS INDICATE THAT THE DELINQUENCY STATEMENT WILL BE MAILED TO:

VICTOR ROSA

651 COURTLANDT AVE

BRONX, NY 10451".

That the city was confused with respect to the proper block

and lot numbers for respondents' parcel and who was to receive notices pertaining thereto is further reflected in its "LIST OF DELINQUENT TAXES", form R530, which again cites block 2411 and lot 139 as belonging to respondent, and which originally contained a line listing the owner of block 2412 and lot 39 as "UNKNOWN". Those numbers were crossed out at some unspecified time and replaced with handwritten numbers 2411 and 139, respectively.

Given this record, there is more than ample evidence to rebut the presumption that "all notices required by law were regular and in accordance with all provisions of law relating thereto". (Administrative Code of City of New York § 11-412 [c] [formerly § D17-12.0 (c)].) The only issue is whether, as discussed in Justice Sandler's concurring opinion, the holding in *Town of Somers v Covey* (2 NY2d 250, *appeal dismissed and cert denied* 354 US 916) precludes respondent's application to vacate the judgment of foreclosure because its filing date of September 22, 1986 missed (by less than one month) the statutory two-year release period under Administrative Code § D17-25.0 (g) (now § 11-424 [g]). In my opinion, the principles of equitable estoppel should bar any such assertion on the part of the city, for it is undisputed that respondent timely applied for release of the parcel on April 29, 1986, and that respondent's principal, Mrs. Irene Maurice, was informed by a city employee that the parcel would not be auctioned while the application was pending.

Despite this assurance to Mrs. Maurice, the city, unbeknownst to respondent, offered the parcel at auction on May 5, 1986, and received a bid thereon. Closing of title was delayed pending the Board of Estimate's decision on respondent's application. Thereafter, and with the two-year release period scheduled to expire on August 24, 1986, the Board of Estimate failed to act promptly and took until September 11, 1986 to issue its denial of respondent's application.

Thus, it is apparent that the city, in its scheduling and internal procedures, caused the delay which permitted the statutory presumption of proper notice under Administrative Code § 11-412 (c) to become conclusive. As such, the city should, in equity and fairness, be estopped from relying upon the conclusive presumption to prevent review of its service of process, which the record reveals was fraught with error. We have long held that in appropriate circumstances equitable estoppel will prevent even a municipality from gaining unfair advantage over another. *(Robinson v City of New York,* 24 AD2d 260, 263-264.)

Also of significance in this matter, although completely unacknowledged by the majority, is the diligence with which Irene Maurice kept current with tax payments until she was diagnosed as having cancer. The city takes no issue with Mrs. Maurice's statement that she had to seek information regarding what amounts were due before paying taxes in the first two years of respondent's ownership, 1980 and 1981, because of the city's failure to bill her. It was only after Mrs. Maurice became ill in 1981, and when both she and her husband, respondent's other principal, were preoccupied with the state of her health, that taxes became overdue.

Given all of the above, the equities favor vacating the judgment and permitting respondent to immediately pay all taxes currently due and owing. We must bear in mind that what is at stake is the fundamental due process right to reasonable notice of the opportunity to appear and be heard. *(See, Mullanne v Central Hanover Trust Co.,* 339 US 306.) In the recently decided *Matter of McCann v Scaduto* (71 NY2d 164, 172), the Court of Appeals reiterated that "[t]he central meaning of procedural due process has long been clear. 'Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified' at a reasonable time and in a reasonable manner".

For all of these reasons, the city should not be permitted to invoke the conclusive statutory presumption of regularity provided in Administrative Code § 11-412 (c), and a mechanical application of the holding in *Town of Somers v Covey (supra)* would be unjust. Rather, this court should exercise its inherent power to grant relief from a judgment or order, and affirm the order of the court below. *(See,* 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5015.13; *Matter of Tax Foreclosure No. 35 [City of New York—Wilson],* 127 AD2d 220, 229, *appeal dismissed* 70 NY2d 694.) Surely the statute does not require, and our Federal and State Constitutions do not permit, that the laudatory goal of finality in deed recordation be secured at the expense of due process.