■ LINTON CAMPBELL et al., Respondents, v CITY OF NEW YORK, Appellant.—Order and judgment (one paper), Supreme Court, New York County (Leonard Cohen, J.), entered February 2, 1990, which, in consolidated actions commenced by plaintiffs for a declaration that they are the sole owners of 23 subject real estate parcels, obtained by defendant pursuant to in rem tax foreclosure proceedings, inter alia, held in abeyance a determination as to defendant's motions and plaintiffs' cross motion for summary judgment regarding six of the subject parcels and severed those actions; granted that part of plaintiffs' cross motion seeking to strike defendant's affirma-

tive defense of Statute of Limitations under Administrative Code of the City of New York § 11-412; and further granted that part of plaintiffs' cross motion insofar as it declared plaintiffs to be the sole owners of 14 of the subject parcels, unanimously modified, on the law, to the extent of reversing that part of the order which denied defendant's motion for summary judgment to dismiss the claims of the owners of parcels numbered 3, 10, 17, 20, 21 and 22, and otherwise affirmed, without costs.

Defendant City of New York (the City) claims, and we agree, that with respect to six of the parcels in issue on this appeal, specifically parcel numbers 3, 10, 17, 20, 21 and 22, it gave the owners thereof actual notice of the in rem foreclosure proceedings against them. Consistent with our rationale and holding in *Matter of Tax Foreclosure Action No. 33 (City of New York —Babe Realty)* (141 AD2d 437 [1st Dept 1988], *appeal dismissed* 73 NY2d 915), we find that plaintiffs' bare denial of receipt of the subject foreclosure notices is insufficient to overcome the presumption of regularity of the actual notice given, particularly when juxtaposed with the judgments of foreclosure, which were annexed to the City's summary judgment motion and included full recitations of the affidavits of mailing. We further note that the City's answer in the within action contains copies of the pertinent portions of the mailing lists maintained by the Department of Finance, indicating by tax map block and lot the names and addresses of the parties to whom the foreclosure notices were submitted. We are also mindful of the City's unrebutted assertion that these lists were created contemporaneously with the mailing of the subject notices.

Accordingly, we modify the order of the IAS court, to the extent of granting defendant's motion for summary judgment dismissing the claims of the owners of parcels 3, 10, 17, 20, 21 and 22, where the owners, who had filed in rem cards, received actual notice of foreclosure, and otherwise affirm, without costs, for the reasons stated by the IAS court (Leonard Cohen, J.). Concur—Murphy, P. J., Carro, Milonas, Asch and Wallach, JJ.