■ NYCTL 1998-1 TRUST, Plaintiff, v PROL PROPERTIES CORP., Appellant, et al., Defendants. ROBERT RAMPULLA et al., Nonparty Respondents. [764 NYS2d 645] —In an action to foreclose a tax lien, the defendant Prol Properties Corp., appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated June 8, 2001, as denied that branch of its motion which was for leave to amend the caption to add Robert Rampulla and Pamella Rampulla as defendants.

■ NYCTL 1998-1 TRUST, Appellant, v PROL PROPERTIES CORP., Appellant, et al., Defendants, and CITY OF NEW YORK, Respondent. [764 NYS2d 644] —In an action to foreclose a tax lien, (1) the plaintiff appeals from an amended judgment of the Supreme Court, Richmond County (Maltese, J.), entered March 26, 2003, which, upon an order of the same court dated April

30, 2002, is in favor of the defendant Prol Properties Corp. and against the defendant City of New York in the principal sum of $550,000, and (2) the defendant Prol Properties Corp. separately appeals, as limited by its notice of appeal and brief, from stated portions of the same amended judgment.

Ordered that on the Court's own motion, the notices of appeal from the order dated April 30, 2002, are deemed to be premature notices of appeal from the amended judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the appeal by the plaintiff from the amended judgment is dismissed, without costs or disbursements, as it is not aggrieved by the amended judgment (*see* CPLR 5511); and it is further,

Ordered that the amended judgment is affirmed insofar as appealed from by the defendant Prol Properties Corp., without costs or disbursements.

We note that no notice of appeal was filed on behalf of the defendant City of New York. Accordingly, although the City has filed a brief purporting to be an appellant, there is no basis to entertain the arguments it asserts herein.

Contrary to the contention of the defendant Prol Properties Corp., the Supreme Court properly refused to set aside the referee's deed (*see Matter of Tax Foreclosure Action No. 33,* 141 AD2d 437 [1988]; Administrative Code of City of New York § 11-412; *see also Matter of Vilca v Village of Port Chester,* 255 AD2d 593 [1998]; *Best v City of Rochester,* 195 AD2d 1073 [1993]).

In light of this determination, we need not reach the parties' remaining contentions. Altman, J.P., Florio, Adams and Rivera, JJ., concur.