■    In the Matter of BEATRIZ NOISETTE, Respondent, v. NEW YORK CITY TRANSIT AUTHORITY, Appellant.— In a proceeding to extend the time beyond the period prescribed by statute (Public Authorities Law, § 1212) for the commencement of an action against the New York City Transit Authority to recover damages for personal injury, the Authority appeals from an order of the Supreme Court, Kings County, dated June 24, 1963, which granted the claimant's application and permitted her to serve and file a late summons and complaint " without prejudice to any defense the defendant [the Authority] may be advised to interpose relating to the time limitation as to the commencement of the action ". Order reversed on the law and the facts, without costs, and the application denied. Findings of fact implicit in the Special Term's decision which may be inconsistent herewith are reversed, and new findings are made as indicated herein. In our opinion, upon the present record, there is no basis for excusing the plaintiff's failure to commence the action within the time limited therefor by the unequivocal language of the statute (Public Authorities Law, § 1212). Contrary to the implicit findings of Special Term, we find that an agreement or understanding to extend the time did not arise by reason of the abortive settlement negotiations between the parties. In any event, the Special Term was without power to extend plaintiff's time to commence suit more than seven months after the time therefor had expired (CPLR 201; former Civ. Prac. Act, § 99). Beldock, P. J., Ughetta, Kleinfeld, Hill and Rabin, JJ., concur.

■    In the Matter of the CITY OF NEW YORK, Respondent. NOREND REALTY CORP., Intervenor-Appellant.— In an action in rem by the City of New York to foreclose delinquent tax liens on certain real property owned by Norend Realty Corp. and thereafter conveyed by it to another corporation subject to a purchase-money mortgage, the said Norend Realty Corp. appeals from an order of the Supreme Court, Kings County, dated January 15, 1964, which denied its motion: (a) for leave to intervene in the action and to file its petition to redeem the property; (b) to remove the property from sale at public auction; and (c) to set aside, for lack of jurisdiction, the judgment of foreclosure (entered by default) and the deed given pursuant thereto. Order affirmed, with $10 costs and disbursements. In our opinion, the only remedy available to appellant is by plenary action to set aside the deed, and not by motion in the foreclosure action (*Town of Somers* v. *Covey*, 2 N Y 2d 250, cert. den. *sub nom. Covey* v. *Town of Somers*, 354 U. S. 916). In any event, the mailing of the notice of foreclosure to " Gilam ", instead of the Gilman, the surname of the then sole stockholder of Norend Realty Corp., at her correct address, and its actual receipt; and the mailing of the notice to " Moreno " (instead of to " Norend ") Realty Corp. at the address of the property, were sufficient, under the circumstances of this case, to survive Norend's attack on the jurisdiction of the court and the regularity of the proceedings (*City of New York* v. *Stolpensky*, 1 A D 2d 95; *City of New York* v. *Lynch*, 281 App. Div. 1038, affd. 306 N. Y. 809; *Hawley* v. *City of New York*, 283 App. Div. 882). Beldock, P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.