KEY BANK OF CENTRAL NEW YORK, Appellant, v COUNTY OF BROOME et al., Respondents, et al., Defendant.

Third Department, April 3, 1986

## APPEARANCES OF COUNSEL

*Aswad & Ingraham (Charles O. Ingraham* of counsel), for appellant.

*John E. Murray, County Attorney (Mary A. Walsh* of counsel), for County of Broome, respondent.

## OPINION OF THE COURT

YESAWICH, JR., J.

In July 1977, Michael Brady conveyed a parcel of real property located in the Town of Vestal, Broome County, and encumbered by a mortgage held by plaintiff,* to defendant Osdarb Rental Properties, Inc. (Osdarb). The mortgage was assumed by Osdarb, with Brady remaining secondarily liable.

Real estate taxes on the property were not paid for 1980 and 1981, and in May 1983, defendant County of Broome mailed a notice of tax foreclosure to all parties appearing to possess an interest in the property; that plaintiff received this notice is not disputed. The notice accurately specified the property's street location, tax map number and dimensions, but erroneously identified Michael Brady as the last known owner. According to plaintiff, it was because of this misidentification that it did not timely intervene to prevent the foreclosure and ultimate sale of the property to defendant Joann Coletti. That sale extinguished plaintiff's mortgage, precipitating the instant action.

Essentially, plaintiff's complaint seeks annulment of the deed to Coletti or, alternatively, to have the county disgorge approximately $64,000, being the amount by which the foreclosure sale price exceeded the county's tax liens. The principal thesis underlying plaintiff's motion for summary judgment was that the notice of foreclosure was constitutionally defi-

---

\* Plaintiff refers collectively to Key Bank of Central New York and its predecessor in interest herein, Banker's Trust of Binghamton.

cient because the property owner was misnamed; it was also urged that the sale to Coletti resulted in the county's unjust enrichment at plaintiff's expense. Coletti and the county separately cross-moved for summary judgment dismissing the various causes of action in the complaint asserted against them. Special Term, concluding that the notice furnished was sufficient to apprise plaintiff of the pending tax sale, denied plaintiff's motion, granted the county's cross motion and partially granted Coletti's cross motion.

We affirm. The requirement of due process is satisfied when the notice given is "reasonably calculated * * * to apprise [the interested party] of the pendency of the action" *(Mullane v Central Hanover Trust Co.,* 339 US 306, 314). Here, plaintiff acknowledges that the county's description of the property by location, dimensions and the tax map number satisfied statutory and constitutional requirements, but claims that the county's gratuitous act of erroneously identifying the property owner invalidated the entire notice. Beyond the fact that we have not been made aware of any authority supportive of this proposition, we note that it runs counter to the accepted principle that real estate taxes are levied upon the property; hence, it is the identification of the property, not the name of the owner, that is imperative *(Lily Dale Assembly v County of Chautauqua,* 72 AD2d 950, 951, *affd* 52 NY2d 943, *cert denied sub nom. Lily Dale Assembly v Josephson,* 454 US 823).

Nor do we find merit in the assertion that the county was unjustly enriched *(see, Sheehan v County of Suffolk,* 67 NY2d 52, 59). The notice of foreclosure being constitutionally adequate, Real Property Tax Law § 1122 (6) becomes applicable; it bars and forever forecloses a mortgagee which has failed to exercise a right of redemption from all his right, title and interest in and to the parcels described in the tax delinquency list. Even equity will not interfere in such cases, for "[u]pon the expiration of the time prescribed by the statute [Real Property Tax Law § 1110 *et seq.]* for redemption and answer, the rights of the parties * * * became fixed and unalterable" *(City of Peekskill v Perry,* 272 App Div 940).

MAHONEY, P. J., KANE and MIKOLL, JJ., concur.

Order affirmed, with costs.