■ CITY OF YONKERS, Respondent, v G.H. CLARK & SON, INC., Appellant.—In an action to foreclose upon a tax lien, the defendant appeals from an order of the Supreme Court, Westchester County (Wood, J.), dated December 19, 1988, which denied its motion, *inter alia,* to vacate a default judgment.

Ordered that the order is affirmed, with costs.

On January 30, 1981, the defendant, a corporation in the business of commercial moving, acquired real property consisting of two tax lots in the City of Yonkers which were already the subject of an in rem tax foreclosure action. The amount of taxes and assessments duly levied on the property combined with interest and penalties for the years 1977, 1978, 1979, 1980 and 1981 totaled $39,960.02.

On April 7, 1981, the City of Yonkers entered into an agreement with the defendant pursuant to which the defendant agreed to pay the tax arrears together with penalties and interest at the rate of 15% per year. The agreement further provided that upon signing the agreement the defendant was to pay the city $5,000, that it would pay an additional $5,000 on or before September 7, 1981, and that effective October 7, 1981, it would commence paying the balance in 30 monthly installments each in the amount of $1,000.

On November 4, 1981, the city's Department of Finance notified the defendant that it had failed to make the $5,000 payment due on September 7, 1981, as well as the installment due on October 7, 1981. The city further informed the defendant that it was in arrears, that its property was subject to inclusion in a new in rem tax action to be commenced by the city, and that if the defendant did not pay the city the sum of $9,622 by November 16, 1981, the city would foreclose on the property.

On January 31, 1986, the city's Comptroller compiled, filed, and entered with the County Clerk a list of parcels of real estate encumbered by unpaid tax liens held and owned by the city which included the two lots owned by the defendant.

Thereafter, on February 11, 1986, the city allegedly mailed two notices of foreclosure to the defendant; one, to 66 Main Street, Yonkers, New York, that being the mailing address of the property as it appeared in the records of the Comptroller, and the other, to its prior address at 158 South Fourth Avenue, Mount Vernon, New York. The notices specified, *inter alia,* that "a judgment in foreclosure may be taken by default

\* \* \* unless the charges are paid, or an answer interposed \* \* \* [by] the 6th day of June, 1986 \* \* \* the last date for redemption". The defendant defaulted, and a judgment of foreclosure was signed on October 23, 1987.

On or about January 29, 1988, the defendant moved by order to show cause, *inter alia,* to vacate the default judgment. A hearing was held on April 15, 1988, for determination of the sole issue of whether the defendant had been properly served with the notice of foreclosure.

At the hearing, Evelyn Wilson, a paralegal for the city's Corporation Counsel, testified on behalf of the city that on February 7, 1986, she typed a "1985 in rem list" which included the defendant's two lots. Referring to the in rem list, she further testified that it listed two mailing addresses for each of the defendant's lots, and that one of those addresses was "George Clark, 66 Main Street, Yonkers, New York, 10701," the defendant's actual address. The other address was the defendant's previous location. Wilson further testified that once she completed the list, she prepared envelopes for every address listed thereon, including both addresses listed for the defendant. She then attached a statement of tax arrears to each notice and inserted a notice of foreclosure in each envelope. After Wilson's supervisor checked the envelope for accuracy, Wilson sealed each envelope, put them through the mail machine in the mail room, and placed them in a mailbox located on the first floor of Yonkers City Hall. Finally, she testified that any letters included in the mailing and subsequently returned to the city were kept in a file, that she had inspected the letters in that file, and that the letters sent to the defendant were not among them.

Leon Clark, the current proprietor of the defendant business, testified that he never received a notice of foreclosure.

The Supreme Court found that a notice of foreclosure had been properly served upon the defendant and therefore denied the defendant's application, *inter alia,* to vacate the default judgment.

We reject the defendant's contention that the court lacked jurisdiction to sign a judgment of foreclosure because of the city's purported failure to properly serve the defendant with a notice of foreclosure. Where, as here, the proof exhibits an office practice and procedure followed in the regular course of business which shows that notices have been duly addressed and mailed, a presumption arises that those notices have been received by the party to whom they were sent *(see, Bossuk v*

*Steinberg,* 58 NY2d 916; *Nassau Ins. Co. v Murray,* 46 NY2d 828; *Sea Ins. Co. v Kopsky,* 137 AD2d 804). The record indicates that the defendant failed to rebut this presumption.

Furthermore, the mere fact that the envelopes containing the notices of foreclosure were addressed to "George Clark" rather than "G. H. Clark & Son, Inc.", the defendant's actual corporate name, did not render those notices inadequate *(see, Matter of City of New York [Norend Realty Corp.],* 20 AD2d 925; *York v City of New York,* 54 Misc 2d 585).

Finally, while it is true that the city did not comply strictly with RPTL 1128 insofar as the affidavit of notice filed with the County Clerk was made by a person not actually involved in the mailing of the notices of foreclosure but rather by the Comptroller, the requirement set forth in the statute is directory and not mandatory in nature. Accordingly, noncompliance is not a jurisdictional defect and the foreclosure action is not thereby rendered invalid *(see, Matter of City of New York [Levy],* 278 App Div 1008).

The defendant's argument that it is entitled to the relief sought on equitable grounds, is unavailing, considering that the defendant has been utterly remiss in its tax obligations to the city since the outset, on November 4, 1981. Thompson, J. P., Rubin, Rosenblatt and Miller, JJ., concur.