■ DAVID BEST, Appellant, v CITY OF ROCHESTER, et al., Respondents. [600 NYS2d 405] —Order unanimously affirmed without costs. Memorandum: We reject plaintiff's contention that Supreme Court erred in granting defendant

City of Rochester's cross motion for summary judgment. The City submitted the affidavits of the City Treasurer and the Deputy City Treasurer asserting that a letter and notice of the 1989 foreclosure action on the property were sent to plaintiff on November 14, 1989 indicating that the redemption date for the property was January 12, 1990. The Deputy City Treasurer detailed the steps taken to effect the mass mailing of tax foreclosure notices. He averred that one of the properties for which a foreclosure letter was produced and mailed was the plaintiff's property, and that the letter was directed to the property address. Plaintiff conceded that he regularly received his mail at that address. We thus conclude that, contrary to plaintiff's assertion, the City came forward with evidentiary proof in admissible form that notice of the January 12, 1990 redemption date was sent to plaintiff. Given the proof of the regular office practice and procedure by the Deputy City Treasurer, plaintiff's denial of receipt of the notice, standing alone, is insufficient to rebut the presumption that the notice was received by plaintiff (see, Nassau Ins. Co. v Murray, 46 NY2d 828, 829-830; Matter of Tax Foreclosure Action No. 33, 141 AD2d 437, 438, appeal dismissed 73 NY2d 915). In any event, plaintiff concedes that he received a letter in November of 1990, which made specific reference to the 1989 foreclosure action. Supreme Court properly granted the summary judgment motion. (Appeal from Order of Supreme Court, Monroe County, Galloway, J.—Vacate Foreclosure Sale.) Present— Denman, P. J., Green, Balio, Fallon and Boehm, JJ.