■ JOHN L. LAW, JR., Respondent, v TIMOTHY BENEDICT et al., Defendants, and SPENCER EGGLEFIELD, as Treasurer of Essex County, et al., Appellants. [603 NYS2d 75] —Casey, J. Appeals (1) from an order of the Supreme Court (Dier, J.), entered June 30, 1992 in Essex County, which, inter alia, granted plaintiff's motion for a preliminary injunction, and (2)

from an order of said court, entered November 23, 1992 in Essex County, which, *inter alia*, granted plaintiff's cross motion for summary judgment.

These appeals arise out of a tax sale proceeding whereby defendant County of Essex acquired certain real property, which the County subsequently sold at public auction to defendants Timothy Benedict and Linda Benedict. Plaintiff, who held title to the property when the tax sale proceeding was commenced, instituted this action seeking, *inter alia,* a declaration that he was the lawful owner of the parcel. Supreme Court found that the County and defendant Treasurer of Essex County (hereinafter collectively referred to as the County) had failed to comply with certain publication requirements for an in rem tax foreclosure proceeding *(see,* RPTL 1124 [1]). A preliminary injunction barring the Benedicts or anyone claiming under them from taking possession of the property was granted to plaintiff, and Supreme Court subsequently granted plaintiff's motion for summary judgment. The County and the Benedicts appealed from the two orders, but the Benedicts' appeal was dismissed for failure to prosecute.

Supreme Court held that the two newspapers used by the County to publish the notice of foreclosure were not "published in the county in which such tax district is situated", as required by RPTL 1124 (1) when there is no newspaper published in the tax district but there are newspapers published in the county where the tax district is located. The two newspapers at issue, the *Press-Republican* and the *Post Star,* are printed and distributed from facilities in counties adjacent to Essex County but have substantial circulation throughout Essex County. The County argues that regardless of whether the two newspapers are published in Essex County within the meaning of RPTL 1124 (1), plaintiff had actual notice of the tax foreclosure proceeding and, therefore, has no grounds for seeking to set aside the foreclosure and subsequent sale. We agree.

The purpose of the relevant statutory notice requirements is to provide the constitutionally mandated notice reasonably calculated to apprise interested parties of the pendency of the tax sale proceedings and afford them an opportunity to present their objections *(see, S.A.B. Enters. v Stewart's Ice Cream Co.,* 187 AD2d 875, *lv denied* 81 NY2d 708; *cf., Matter of McCann v Scaduto,* 71 NY2d 164, 172-176). It follows, therefore, that the absence of strict technical compliance with each

statute in the notification scheme for an in rem tax foreclosure proceeding is not a fatal defect if the interested parties receive actual notice, which is the goal of the scheme *(Pompe v City of Yonkers,* 179 AD2d 628, 629, *lv denied* 81 NY2d 706). There is undisputed evidence in the record concerning the office practice and procedure followed by the tax officials in the regular course of business which shows that the notice required by RPTL 1124 (1) was properly addressed and mailed to plaintiff, thereby giving rise to the presumption that plaintiff received the notice *(see, City of Yonkers v Clark & Son,* 159 AD2d 535, 536, *lv dismissed* 76 NY2d 845; *see also, Nassau Ins. Co. v Murray,* 46 NY2d 828). The taxpayer has the right to rebut the presumption, but the rebuttal must consist of more than a mere denial of receipt *(Matter of T. J. Gulf v New York State Tax Commn.,* 124 AD2d 314, 315; *see, Matter of Tax Foreclosure Action No. 33,* 141 AD2d 437, 438, *appeal dismissed* 73 NY2d 915).

Plaintiff denied receipt of the tax bills for the property for 1989 and 1990 and the notice of the foreclosure proceeding. He also contends that the conduct of he and his wife regarding the payment of taxes establish that they would not knowingly have allowed the property to be lost through the nonpayment of taxes. We conclude that plaintiff has failed to rebut the presumption of receipt *(see, Nassau Ins. Co. v Murray, supra,* at 830). There is no evidence which would cast doubt on the mailing of the notice to the proper address. Nor is there any evidence that plaintiff experienced problems with mail delivery or that there was some other reason why he would not have received a properly mailed and addressed notice. Although the evidence suggests that plaintiff was capable of paying the back taxes and did not intend to forfeit his property, we conclude that the evidence is insufficient to rebut the presumption that plaintiff received the duly mailed and addressed notice and, therefore, had actual notice of the foreclosure proceeding in time to preserve his rights in the property by paying the back taxes or serving an answer. His failure to do either does not establish that he did not receive the notice.

Having concluded that plaintiff received actual notice of the foreclosure proceeding by mail, we do not reach the question of whether publication of the notice in the two newspapers complied with RPTL 1124 (1). Nor do we see any other defect in the proceeding which would justify the denial of the County's motion for summary judgment. As to the County's appeal from that part of the order entered June 30, 1992 which

granted plaintiff's motion for a preliminary injunction, we note that the County is not aggrieved by the order which applies only to the Benedicts and any party claiming under them. Nevertheless, with the granting of summary judgment in favor of the County, there is no action pending and the preliminary injunction will expire.

Weiss, P. J., Mercure, Cardona and Mahoney, JJ., concur. Ordered that the order entered June 30, 1992 is modified, on the law, without costs, by reversing so much thereof as denied the cross motion of defendants Treasurer of Essex County and County of Essex for summary judgment; cross motion granted, summary judgment awarded to said defendants and it is declared that the October 4, 1990 deed conveying title to the disputed parcel to defendant County of Essex is valid; and, as so modified, affirmed. Ordered that the order entered November 23, 1992 is reversed, on the law, without costs, cross motion denied, motion granted and summary judgment awarded to defendants Treasurer of Essex County and County of Essex.