■ In the Matter of CITY OF TROY, Respondent, v MARION GREENBERG et al., Appellants. [675 NYS2d 167] —Spain, J. Appeal from an order of the County Court of Rensselaer County (McGrath, J.), entered May 23, 1997, which, *inter alia,* in a proceeding pursuant to RPTL article 11, denied respondents' motion to dismiss the petition.

Petitioner commenced this proceeding in December 1995 pursuant to RPTL former article 11 to recover delinquent taxes for the years prior to and including 1993. Respondents, who collectively owned 12 of the parcels subject to foreclosure, answered and the parties began negotiations pursuant to a local ordinance regarding an installment agreement in an effort to settle the matter. Although respondents were required to pay $38,000 as a prerequisite to executing an agreement, they only tendered a total of $30,000 and, therefore, petitioner moved for summary judgment seeking an order awarding it possession of the 12 parcels. Asserting, *inter alia,* that petitioner breached an installment agreement, respondents cross-moved pursuant to CPLR 3211 to dismiss the complaint for lack of subject matter jurisdiction, failure to state a cause

of action, lack of personal jurisdiction and because petitioner was collaterally estopped from maintaining this proceeding. County Court denied respondents' cross motion to dismiss finding that petitioner had properly commenced the proceeding, particularly in light of the fact that respondents received actual notice. The court also found that a question of fact existed with respect to the alleged breach of an installment agreement and, therefore, denied petitioner's motion for summary judgment. Respondents appeal.

Initially, we reject respondents' contention that County Court did not have subject matter or personal jurisdiction in this proceeding because petitioner failed to adhere to the pleading requirements of CPLR 304 and CPLR 306-a. We also reject respondents' assertion that petitioner's failure to file proof of service pursuant to CPLR 306-b requires the dismissal of this proceeding.

The record reveals that petitioner commenced this proceeding to enforce the collection of delinquent tax liens for the years 1986 through 1993 by purchasing an index number on December 28, 1995 and filing a list of delinquent taxes with the County Clerk's Office. In addition, notices were mailed to respondents by certified mail, return receipt requested, and were received on December 30, 1995 and January 5, 1996. Copies of the list of delinquent taxes were filed and made available for viewing in four public places, a second notice was mailed in late February 1996, and a notice of foreclosure was posted in six public places and published in two local papers once a week for six successive weeks. On March 28, 1996, respondents served upon petitioner their respective answers, a proposed installment agreement to repay the taxes due and a check in the amount of $20,000.

RPTL former 1122 provides for the commencement of an in rem foreclosure proceeding by the filing of a list of delinquent taxes (see, RPTL former 1120; see also, RPTL former 1124). Although the present requirements under RPTL article 11 also require the execution of a petition of foreclosure for such properties, these provisions did not become effective until January 1, 1995 and apply to taxes becoming liens on or after that date (see, L 1993, ch 602, § 8 [b]; see also, RPTL 1122, as amended by L 1993, ch 602, § 5; RPTL 1123, as amended by L 1994, ch 532, § 6; RPTL 1124, as amended by L 1993, ch 602, § 5). The prior laws, however, continue to apply to the enforcement of liens arising prior to 1995 as long as a proceeding is commenced within four years of January 1, 1995 (see, L 1993, ch 602, § 8 [c]; see also, RPTL former 1120, former 1122, former 1124).

Thus, as the liens sought to be enforced in this proceeding arose in the years prior to and including 1993, we conclude that RPTL former article 11 provisions apply and, therefore, that petitioner properly commenced the instant proceeding (*see*, RPTL former 1122, former 1124 [1]). Notably, as the property was properly identified and respondents received actual notice, as evidenced by their appearances in this proceeding, any failure to comply with the notification scheme would not constitute a fatal defect (*see*, *Law v Benedict*, 197 AD2d 808, 809-810; *Key Bank v County of Broome*, 116 AD2d 90, 92).

Next, we reject respondents' contention that petitioner's failure to file proof of service pursuant to CPLR 306-b warrants dismissal of the proceeding because there is no requirement to file proof of service under RPTL former article 11 (*see*, RPTL former 1120, former 1122, former 1124, former 1134; *see also*, *Law v Benedict, supra*, at 810).

Finally, County Court properly found questions of fact necessitating a trial, especially in light of the conflicting evidence regarding, *inter alia*, whether the conditions precedent to entering the installment agreement were fulfilled and whether petitioner properly applied the $30,000 if there was no such agreement (*see*, *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853; *Zuckerman v City of New York*, 49 NY2d 557, 562).

Mikoll, J. P., Crew III, White and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.