■ In the Matter of CITY OF TROY, Respondent, v FRANK L. GARNER et al., Appellants. [682 NYS2d 490] —Carpinello, J. Appeal from an order of the County Court of Rensselaer County (McGrath, J.), entered May 22, 1997, which, in a proceeding pursuant to RPTL former article 11, granted petitioner's motion for summary judgment.

In December 1995, petitioner commenced this proceeding pursuant to RPTL former article 11 to recover delinquent taxes for the years prior to and including 1993 on, *inter alia,* properties owned by respondents in the City of Troy, Rensselaer County. Upon receiving timely notice of the proceeding, respondents answered asserting, as relevant here, that it was jurisdictionally defective because the filing of the list of delinquent taxes in the County Clerk's office (*see,* RPTL former 1122), as well as all duplicate filings, postings and publications concerning the proceeding (*see,* RPTL former 1124), were not performed by petitioner's Treasurer as required by statute.[1] County Court rejected this argument and granted summary judgment to petitioner, prompting this appeal.

Respondents claim that the Treasurer, as petitioner's designated "enforcing officer" (RPTL former 1102; *see,* Local Laws, 1982, No. 3 of City of Troy § 5.43 [2]), was the sole municipal official authorized to perform the statutory tasks of filing, posting and publishing delinquent tax lists and notices of foreclosure and that his failure to do so in this proceeding renders it void. There is no dispute that petitioner's Comptroller (1) directed the County Clerk to file the list of delinquent taxes, (2) mailed and published the foreclosure notice, and (3) directed petitioner's Assessor to file duplicate copies of the list in the required municipal and County offices and to post the notice of foreclosure (*see,* RPTL former 1122, 1124).[2] Thus, it is true that petitioner did not strictly comply with the provisions of RPTL former article 11 and its own local law in this case.

---

1. As petitioner commenced the instant proceeding to enforce collection of delinquent tax liens for the years prior to and including 1993 by filing the delinquent tax list with the County Clerk's office in December 1995, the current provisions of RPTL article 11, which became effective January 1, 1995 and apply to taxes becoming liens on or after that date, do not apply; rather, the prior laws continue to be in effect (*see,* L 1995, ch 579, §§ 23, 24; L 1994, ch 532, §§ 11, 12; L 1993, ch 602, § 8).

2. Significantly, petitioner's "Department of [F]inance", which includes, among other bureaus, the bureau of audits and accounts, treasury, and assessments (*see,* Troy City Code §§ 4.00, 4.02), is run by the City Comptroller, who supervises both the City Treasurer and City Assessor (*see,* Troy City Code §§ 4.04, 4.05 [A]).

In light of the purpose behind RPTL former 1122 and 1124—to ensure that proper notice and an opportunity to be heard is given to delinquent taxpayers (*see, e.g., Law v Benedict*, 197 AD2d 808, 809; *Pompe v City of Yonkers*, 179 AD2d 628, 629, *lv denied* 81 NY2d 706, *cert denied* 510 US 871; *City of New Rochelle v Echo Bay Waterfront Corp.*, 268 App Div 182, *affd* 294 NY 678, *cert denied* 326 US 720)—we find the requirement that the Treasurer personally perform these tasks to be directory only (*see, City of Yonkers v Clark & Son*, 159 AD2d 535, 537, *lv dismissed* 76 NY2d 845; *see generally, Matter of City of New York [Levy]*, 278 App Div 1008; *Village of Pleasantville v Gross*, 272 App Div 932, *affd* 297 NY 767), and intended only to instruct and guide municipalities to insure procedural regularity and uniformity (*see, Lancaster Sea Beach Improvement Co. v City of New York*, 214 NY 1, 11). In the case at bar, these tasks were not performed by an official so unrelated to petitioner's tax department as to create some doubt as to the authenticity of the proceeding. There being no question that adequate notice was given to respondents, noncompliance with this directory requirement does not constitute a jurisdictional defect rendering the foreclosure action invalid.

Moreover, there is no evidence in the record that respondents were in any way misled or confused about the import of the proceedings because Department of Finance officials other than the Treasurer performed the statutory tasks of filing, posting and publishing. Since respondents were not substantially prejudiced by petitioner's noncompliance with the directory provision (*see, Matter of Syquia v Board of Educ.*, 80 NY2d 531, 535-536), no jurisdictional defect exists rendering the proceeding void (*see, Matter of City of Troy v Greenberg*, 251 AD2d 926, 927-928; *Law v Benedict*, 197 AD2d 808, 809-810, *supra*; *Pompe v City of Yonkers*, 179 AD2d 628, 629, *supra*; *City of Yonkers v Clark & Son*, 159 AD2d 535, 537, *supra*; *Key Bank v County of Broome*, 116 AD2d 90, 92; *cf., Matter of Byrnes v County of Saratoga*, 251 AD2d 795, 797).

Cardona, P. J., Peters, Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.