■ JACK LYON, Respondent, v ESTATE OF NEWTON CORNELL, Deceased, et al., Respondents, and ANTHONY BIANCHI, Appel-

lant. [703 NYS2d 325] —Order unanimously affirmed without costs. Memorandum: Plaintiff entered into purchase contracts for property with defendant The Estate of Newton Cornell (Estate) in October 1994. The taxes on that property were delinquent, and the Commissioner of Finance sent the Estate notice of a tax sale auction to be held on November 15, 1994. Anthony Bianchi (defendant) purchased the property at the auction. Plaintiff moved for summary judgment seeking vacatur of the tax sale on the grounds that the notice of sale was defective and that it failed to provide due process and to comply with the Onondaga County Special Tax Act (L 1937, ch 690). The notice, dated October 17, 1994, was sent by certified mail to the address listed on the tax rolls and to the person listed as the owner of the property.

Supreme Court properly granted plaintiff's motion. The fact that the name was listed incorrectly does not invalidate the notice (see, Keiser v Young, 181 AD2d 170, 174, lv denied 80 NY2d 761; Pompe v City of Yonkers, 179 AD2d 628, 630, lv denied 81 NY2d 706, cert denied 510 US 871, reh denied 510 US 1006; City of Yonkers v Clark & Son, 159 AD2d 535, 537, lv dismissed 76 NY2d 845).

The notice, however, was not "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" (Mullane v Central Hanover Bank & Trust Co., 339 US 306, 314; see also, Mennonite Bd. of Missions v Adams, 462 US 791, 799; Matter of McCann v Scaduto, 71 NY2d 164, 173). The notice mailed to the property was received 18 days prior to the sale. That period of time is insufficient as a matter of law to provide the Estate with sufficient time to present its objections (see, Matter of Yagan v Bernardi, 256 AD2d 1225, 1226, appeal dismissed 93 NY2d 919, lv denied 93 NY2d 815; see also, Matter of McCann v Scaduto, supra, at 177-178). Thus, the notice failed to comply with the minimum constitutional requirements of due process.

The fact that publication in the newspapers did not comply with the statute would not be fatal to the tax sale had timely notice been received by the Estate. Once actual notice is received, strict compliance with the statute is no longer required (see, Law v Benedict, 197 AD2d 808, 809-810; Pompe v City of Yonkers, supra, at 629-630). Whether the publication provided the Estate with actual notice is irrelevant in this case because the notice of auction was alleged to have been published on October 23, 1994, and was also untimely. Plaintiff established his entitlement to summary judgment, and defen-

dant failed to raise an issue of fact in opposition to the motion (*see, Zuckerman v City of New York,* 49 NY2d 557, 562). (Appeal from Order of Supreme Court, Onondaga County, Mordue, J.—Summary Judgment.) Present—Pine, J. P., Wisner, Hurlbutt and Balio, JJ.