■ In the Matter of JAMES VASILOPOULOS, Respondent, v TOWN OF BARKER et al., Appellants. [711 NYS2d 644] —Cardona, P. J. Appeal from an order of the County Court of Broome County (Mathews, J.), entered July 7, 1999, which, in a proceeding pursuant to RPTL article 11, granted petitioner's application to, *inter alia*, amend a judgment of foreclosure to include petitioner's two parcels of land and to compel respondent County of Broome to take title to said parcels.

As the result of petitioner's failure to pay real property taxes on two parcels he owned in the Town of Barker, Broome County, for the 1994 tax year, the parcels were placed on a list of delinquent properties maintained by the Clerk of respondent County of Broome (hereinafter respondent). In August 1997, respondent commenced an in rem foreclosure action against various tax delinquent properties, including the two parcels. Although petitioner had until November 1997 to redeem the parcels, he failed to do so.

On May 9, 1998, a fire partially destroyed the structures located on the properties and they became hazardous due to a fuel oil spill. Shortly thereafter, respondent became aware that the Department of Environmental Conservation (hereinafter DEC) was investigating underground gasoline and diesel fuel contamination on the properties. On May 18, 1998, respondent's tax enforcement officer filed a certificate of withdrawal removing the two parcels from the foreclosure action. On May 29, 1998, a judgment of foreclosure was entered foreclosing all tax delinquent properties, except for the two parcels owned by petitioner. In May 1999, petitioner commenced this proceeding pursuant to RPTL article 11 seeking, *inter alia*, to cancel the certificate of withdrawal and/or to amend the final judgment of foreclosure to include the two parcels. County Court granted petitioner's application resulting in this appeal.

At issue is whether respondent adequately complied with the requirements of the RPTL in withdrawing the subject parcels from the foreclosure action. The applicable provisions are found in RPTL 1138 and 1122. We note that both statutes were amended in 1993, but the amendments are effective and applicable only to taxes which became liens on or after January 1, 1995 (*see*, L 1993, ch 602, § 5; Historical and Statutory Notes, McKinney's Cons Laws of NY, Book 49A, RPTL 1122, 2000 Pocket Part, at 78; Historical and Statutory Notes, McKinney's Cons Laws of NY, Book 49A, RPTL 1138, 2000 Pocket Part, at 100). Since the subject foreclosure action was commenced with respect to delinquent 1994 taxes which became liens upon petitioner's properties as of January 1, 1994 (*see*, RPTL 902; *Matter of City of Troy v Greenberg*, 251 AD2d 926, 927-928), we are constrained to find that the preamendment version of the above statutes must control in the instant case.

RPTL former 1138 (1) provides that: "The enforcing officer of any tax district may at any time prior to final judgment withdraw any parcel of real property from a proceeding under this title with the approval by resolution of the governing body stating the reason therefor. No parcel shall be withdrawn from such proceedings except for one of the reasons for exclusion of a parcel from a list of delinquent taxes set forth in subdivision two of section eleven hundred twenty-two of this chapter" (L 1958, ch 959). Under RPTL former 1122 (2) (e), one reason for excluding a parcel from a list of delinquent taxes under RPTL former 1138 (1) was if "such parcel is included in the registry of inactive hazardous waste disposal sites prepared by [DEC]" (L 1989, ch 736, § 2).

Initially, we note that withdrawal of the parcels herein was effectuated through the actions of respondent's tax enforcement officer without the approval of its governing body as required by RPTL former 1138 (1). We further note that it was not done in accordance with the provisions of RPTL former 1122 (2) (e). The certificate of withdrawal stated that petitioner's property was being removed from the foreclosure action because "[i]f [respondent] were to acquire the parcel, there is a significant risk that it might be exposed to a liability substantially in excess of the amount that could be recovered by enforcing the tax lien". While this is a valid reason for withdrawing a property from a foreclosure proceeding under current law (see, RPTL 1138 [1] [d]), unfortunately it was not under the law applicable to the proceeding at hand (see, RPTL former 1122 [2] [e]). Moreover, although the parcels at issue were apparently contaminated as a result of the fire occurring after the foreclosure action was commenced, there is no evidence in the record herein that such properties were included on the registry of inactive hazardous waste disposal sites prepared by DEC so as to qualify for withdrawal under RPTL former 1122 (2) (e). In view of the above, respondent failed to comply with the provisions of the applicable statutes in withdrawing the parcels from the foreclosure action. Inasmuch as we cannot say that the defects were trivial (compare, *Law v Benedict*, 197 AD2d 808, 809-810; *Key Bank v County of Broome*, 116 AD2d 90, 92), County Court properly granted petitioner's application.

Peters, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.