■ ALLAN L. SENDEL, Appellant, v MICHAEL DISKIN, as Treasurer and Tax Enforcement Officer of Essex County, et al., Respondents. [716 NYS2d 471] —Graffeo, J. Appeals (1) from an order of the Supreme Court (Dawson, J.), entered January 19,

2000 in Essex County, which, *inter alia*, granted defendants' cross motions for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

Plaintiff commenced this action to set aside two deeds issued following foreclosure proceedings relating to real property that he formerly owned in the Town of Wilmington, Essex County. As is evident from the 1976 deed conveying title to plaintiff, when he purchased the property he was a resident of Montreal, Canada. It is undisputed that plaintiff continued to reside and to receive correspondence, including property tax bills, at the Montreal address provided on the deed for many years. However, at some undisclosed point in time, plaintiff contends that he changed his residence to Florida.

In 1995, the property appeared on a delinquent tax list. Thereafter, on October 4, 1996, defendant Tax Enforcement Officer for the County mailed a notice and petition of foreclosure to plaintiff at the Montreal street address and to three banks that had recorded liens against the realty. Neither plaintiff nor the banks formally attempted to redeem the property. Accordingly, after the County's motion for a judgment of foreclosure was granted by County Court, title to the property passed to the County by deed dated August 17, 1999 in satisfaction of the $13,500 tax lien. Two months later, the property was conveyed to defendant Frederick S. Dennin who paid $34,000 at a tax sale.

After Dennin purchased the property, plaintiff commenced this action in November 1999 to set aside both the deeds to the County and to Dennin, asserting that he did not receive constitutionally adequate notice of the foreclosure proceeding. The parties cross-moved for summary judgment and Supreme Court granted defendants' motions, dismissing the complaint on the ground that plaintiff failed to submit proof in admissible form sufficient to raise an issue of fact on the notice issue. Plaintiff appeals and we affirm.

We begin with the observation that, under the statutory scheme, tax foreclosure proceedings enjoy a presumption of regularity (*see*, RPTL 1137) and any party challenging a deed issued as a result thereof has the burden to "affirmatively establish" a defect in the proceeding (*see*, RPTL 1134). Where tax officials show, through evidence concerning the office procedures they followed in the regular course of business, that the notice and petition of foreclosure required by the RPTL was properly addressed and mailed to a party interested in the proceeding, they are entitled to a presumption that the notice was received (*see*, RPTL 1125 [1]; 1134, 1137; *Law v Benedict*, 197 AD2d

808, 810; *Best v City of Rochester*, 195 AD2d 1073, 1074). It is well settled that a mere denial of receipt is insufficient to rebut this presumption (*see, Matter of Foreclosure of Tax Liens*, 216 AD2d 932; *Law v Benedict, supra; Best v City of Rochester, supra*). Moreover, "the absence of strict technical compliance with each statute in the notification scheme for an in rem tax foreclosure proceeding is not a fatal defect if the interested parties receive actual notice, which is the goal of the scheme" (*Law v Benedict, supra*, at 809-810).

In this case, defendants came forward with affidavits from the tax enforcement officer and his administrative assistant which described the procedures followed in mailing the notice and petition of foreclosure to plaintiff on October 4, 1996 using the Montreal street address which appeared on plaintiff's deed. The administrative assistant detailed the steps taken, in the ordinary course of business, with respect to providing plaintiff notice and indicated that the envelope directed to plaintiff had not been returned by the postal service as undeliverable.

In addition, defendants submitted evidence that plaintiff had actual knowledge of the foreclosure proceeding. The tax enforcement officer averred that he personally had more than six telephone conversations with plaintiff concerning the foreclosure proceeding in the two to three years between the mailing of the notice and petition of foreclosure and the June 1999 motion for judgment of foreclosure. Another County employee submitted an affidavit stating that she also spoke with plaintiff by telephone on a number of occasions during that time period "regarding the status of this property, the delinquent tax liens on the property and the County's then-pending foreclosure proceedings."

Through these submissions, the County clearly came forward with evidence that, following customary procedures, it complied with the notice requirements of the RPTL, utilizing an address "reasonably ascertainable from the public record" (RPTL 1125 [1]). As such, the County was entitled to the presumption that plaintiff received the notice and petition of foreclosure (*see, Law v Benedict, supra; Best v City of Rochester, supra*). The allegations that the tax enforcement officer and another employee in his office discussed the proceedings with plaintiff constituted prima facie evidence that plaintiff had actual notice of the proceeding.

Defendants having established their entitlement to summary judgment, the burden shifted to plaintiff to submit proof in admissible form sufficient to raise an issue of fact warranting a trial (*see, Best v City of Rochester, supra*). This plaintiff

failed to do. With respect to the rebuttable presumption, although he generally denied having received any notices relating to the tax delinquencies or foreclosure proceedings, plaintiff neglected to specifically allege that he was no longer receiving correspondence mailed to the Montreal address in October 1996 when the notice and petition of foreclosure were forwarded. Rather, in an affidavit dated November 22, 1999, the only document in the record verified by plaintiff, he generally asserted only that he currently "reside[s] in the State of Florida" and has "not lived at the address in Canada for a number of years."

The record is also devoid of any allegation that plaintiff notified the County of a change in address. Although plaintiff alleged that he advised the Town of Wilmington tax collector "on several occasions" that the address on certain Town tax bills should be changed to reflect a Florida address, he did not directly assert that he did so before October 1996. Notably, plaintiff's handwritten note on a Town of Wilmington Water District bill requesting that such bills be forwarded to an individual who had apparently contracted to purchase the property,[1] and not to a Florida address, is dated August 13, 1997. Similarly, plaintiff's inclusion of a 1993 Town tax bill wherein the printed Montreal address is crossed out and replaced with a handwritten Margate, Florida address is insufficient proof that the County was requested to effectuate a permanent change of address for the purposes of all property-related tax documents issued thereafter. Nor did plaintiff actually allege that this address was still valid in October 1996.[2] Furthermore, plaintiff articulated no basis for its assertion that the Town's alleged knowledge of a Florida address should be imputed to the County, a distinct governmental entity (*see*, *Keiser v Young*, 181 AD2d 170, 174, *lv denied* 80 NY2d 761 [a village's knowledge of address could not be imputed to the county]).

We also note the absence of evidence in admissible form refuting the sworn statements indicating that plaintiff actually knew of the foreclosure proceeding while it was pending. Plaintiff's attorney submitted an affidavit stating that plaintiff would deny that the various conversations with County em-

---

1. Plaintiff contends that he entered into an agreement to sell the property in January 1995 and that, pursuant to the contract, the purchaser has made payments toward the purchase price and resided in the property for several years. A copy of the contract, which is executed by plaintiff but not the purchaser, appears in the record. It is undisputed that the contract was never recorded, nor did the purchaser advise the County of any interest in the property by filing a declaration of interest pursuant to RPTL 1126.

2. Notably, it appears from a contract included in the record that in January 1995 plaintiff was using a Pompano Beach, Florida, address.

ployees had occurred, and that plaintiff's sworn statement verifying this factual contention would be forwarded under separate cover. However, it appears from the record that no such statement was proffered between the submission of the December 3, 1999 attorney affidavit and the issuance of the decision and order on January 19, 2000. Under the circumstances, we find that the conclusory assertions in the attorney affidavit were insufficient to defeat defendants' sworn allegations establishing actual notice (*see, Vermette v Kenworth Truck Co.*, 68 NY2d 714, 717; *Wagman v Village of Catskill*, 213 AD2d 775, 778).

Plaintiff's challenge to the propriety of the tax foreclosure proceeding having failed, Supreme Court also properly dismissed his claim that he was entitled to a judgment in the amount of the difference between the tax deficiency and the sum received at the tax sale (*see, Key Bank v County of Broome*, 116 AD2d 90, 92).

Plaintiff's remaining arguments, to the extent not addressed, have been considered and found to be unpersuasive.

Mercure, J. P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order and judgment are affirmed, without costs.