■ RUDOLPH P. PRISCO et al., Respondents, v COUNTY OF GREENE, Appellant, et al., Defendants. [734 NYS2d 280] —Lahtinen, J. Appeal from an order of the Supreme Court (Cobb, J.), entered December 18, 2000 in Greene County, which, *inter alia*, denied a motion by defendant County of Greene for summary judgment dismissing the complaint against it.

Plaintiff Rudolph P. Prisco (hereinafter plaintiff) and Rinaldo Prisco[1] were, by their mother's will, devised the property which is the subject matter of this action. That will also nominated plaintiff as the executor of his mother's estate. Relevant to this appeal, after plaintiff's mother's death but before her will was admitted to probate, plaintiff wrote to the Treasurer of defendant County of Greene (hereinafter the County) in November 1990 requesting that the County "change [its] records to show a change of address for future tax bills, and forward same to: Mr. Rudolph Prisco, 10H Heritage Drive, Harriman, N. Y. 10926 (914) 783-1989." After November 1990, plaintiff received the tax bills at his Harriman address but delivered them to his father for payment. Although not entirely clear from the record, it appears that plaintiff and his brother allowed their father to pay the taxes on the subject property because they were unsure whether a Rockland County Department of Social Services lien exceeded the value of the estate rendering the subject property valueless. In April 1993, without plaintiff's

1. Rinaldo Prisco died in 1997 and his estate is also a plaintiff in this proceeding.

knowledge, his father wrote to the Assessor of defendant Town of Jewett in Green County, and advised that he owned the property[2] and the tax bills should be sent to him at his address in the City of White Plains, Westchester County. After April 1993, plaintiff did not receive the tax bills and the taxes on the property were not paid. Plaintiff asserts without contradiction that "a couple" of years after his mother's death he inquired of the Town officials, "How do I solve this foreclosure thing? I want to be notified so I can decide and talk it over with my brother," at which time he was told that he "would have plenty of notice."

In October 1996, the County served the personal notice of the commencement of a tax foreclosure proceeding upon plaintiff's father at his White Plains address and a discretionary notice to plaintiff's deceased mother at 666 South Seventh Avenue in the City of Mount Vernon, Westchester County. Notably, the notices were sent certified mail, return receipt requested[3] and were returned to the County as unclaimed. No notice was sent to plaintiff at the Harriman address that he provided the County. Subsequently, a judgment of tax foreclosure was entered by Supreme Court and served upon plaintiff's father. In May 1997, the property was sold at a tax foreclosure sale to defendants Edward Malen and Sheila Malen.

Thereafter, plaintiffs commenced this action against the County, the Town, the Malens and their father's estate seeking, *inter alia*, to set aside the deed to the Malens due to the lack of appropriate notice and because the foreclosure proceeding was not properly commenced against them. Following joinder of issue, the County moved for summary judgment dismissing the complaint against it arguing that it had effected service reasonably calculated to give notice since it had complied with the notice requirements pertaining to tax foreclosure proceedings set forth in the RPTL. The Malens joined in the County's motion. Supreme Court denied the motion and granted summary judgment to plaintiffs on their first cause of action (*see*, CPLR 3212 [b]) setting aside the deed from the County to the Malens without prejudice to any further tax enforcement proceedings. The County appeals.

---

2. Plaintiff's parents were estranged and lived apart for over 30 years. Plaintiff's father, however, filed and then withdrew objections against his wife's will and thereafter filed a claim against certain real property and a claim for his elective share (EPTL 5-1.1). Plaintiff's father died in 1997 unbeknown to plaintiff who had not seen his father since 1978 and had spoken with him only sporadically from that time until his death.

3. The statute (Real Property Tax Law § 1125) only required service by ordinary first class mail in October 1996.

The only issue raised on this appeal is whether the County provided plaintiff with adequate personal notice of the tax foreclosure proceeding. It is uncontroverted that the notice and petition of foreclosure was not properly addressed and mailed to plaintiff (*see*, RPTL 1125; *Sendel v Diskin*, 277 AD2d 757, 758, *lv denied* 96 NY2d 707). Nor is there any other evidentiary proof in admissible form in the record that plaintiff had actual knowledge of the tax foreclosure proceeding and sale (*see*, *Sendel v Diskin*, *supra*, at 760; *Law v Benedict*, 197 AD2d 808, 809-810). While we acknowledge that local taxing authorities are not required to undertake extraordinary efforts to locate property owners (*see*, *Tobia v Town of Rockland*, 106 AD2d 827, 829; *see also*, *Mennonite Bd. of Missions v Adams*, 462 US 791, 798-799 n 4), here, the County's personal notice of this tax foreclosure and notice to redeem were returned as unclaimed alerting the County to the possibility of inadequate notice (*see*, *Meadow Farm Realty Corp. v Pekich*, 251 AD2d 634, *appeal dismissed* 92 NY2d 946, *lv denied* 93 NY2d 802). Moreover, plaintiff had previously provided the County with the correct address to which notice should have been sent. Therefore, we agree with Supreme Court that plaintiff was deprived of due process because of the County's "failure to provide [him] with constitutionally-adequate notice of the tax lien sale" (*Meadow Farm Realty Corp. v Pekich*, *supra*, at 636; *see*, *Mennonite Bd. of Missions v Adams*, *supra*; *Matter of McCann v Scaduto*, 71 NY2d 164, 177).

Cardona, P. J., Crew III, Spain and Rose, JJ., concur. Ordered that the order is affirmed, with costs.