■ In the Matter of the FORECLOSURE OF TAX LIENS BY COUNTY OF DELAWARE. COUNTY OF DELAWARE, Appellant. GERSTER FARMS, INC., Respondent. [781 NYS2d 788]—

Mercure, J. Appeal from an order of the Supreme Court (Coccoma, J.), entered July 28, 2003 in Delaware County, which dismissed petitioner's application, in a proceeding pursuant to RPTL article 11, to foreclose tax liens on a parcel of real property.

Petitioner commenced this RPTL article 11 in rem proceeding to foreclose on tax liens it holds on a parcel of real property owned by respondent in the Town of Davenport, Delaware County. Petitioner alleges that respondent was delinquent in its payment of property taxes from 1995 to 2002. Although petitioner seeks to enforce tax liens for each year of this period, its list of delinquent taxes, filed pursuant to RPTL 1122 (6) (c), does not list the subject parcel, nor the amount of each lien, for any years but 1995 and 1996. Moreover, the listings for 1995 and 1996 are marked as being withdrawn, purportedly because petitioner's foreclosure proceedings were temporarily stayed while respondent received a discharge in bankruptcy (see 11 USC § 362). Upon learning of the completion of the bankruptcy proceedings, petitioner notified respondent in April 2002 that its property would be included "in our next foreclosure," but failed to amend the list of delinquent taxes or provide any other notice to respondent as to which tax liens were the basis for the reinstated in rem foreclosure proceeding. Supreme Court dismissed the petition, prompting this appeal.

We affirm. RPTL 1122 (1) provides that a municipal tax district seeking to foreclose a tax lien must file "a list of all

parcels of real property . . . affected by delinquent tax liens held and owned by such tax district." This list must contain "[a] statement of the amount of each tax lien upon such parcel" (RPTL 1122 [6] [c]). Inasmuch as there is no dispute that neither respondent's property nor the amount allegedly owed by it in back taxes between 1997 and 2002 is listed in petitioner's filing, we conclude that Supreme Court properly dismissed the petition for failure to provide adequate notice to respondent and any other party "whose right, title, or interest [in the property] was a matter of public record as of the date the list of delinquent taxes was filed" (RPTL 1125 [1]; *see Matter of West Branch Realty Corp. v County of Putnam*, 293 AD2d 528, 529 [2002]). Contrary to petitioner's assertion, adherence to the notice provisions of this statute is a prerequisite to maintaining an in rem foreclosure proceeding pursuant thereto (*see Kennedy v Mossafa*, 100 NY2d 1, 7-8 [2003]; *see generally McCann v Scaduto*, 71 NY2d 164, 176 [1987]; *Matter of City of Troy v Garner*, 257 AD2d 711, 712 [1999]).

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, with costs.